## ATCHISON *v.* STATE.

## Opinion delivered May 17, 1909.

1. ACCOMPLICES—THIEF AND RECEIVER OF STOLEN GOODS.—Whether a thief is an accomplice of one who receives the stolen goods from him knowing them to have been, *quaere.* (Page 460.)

2. RECEIVING STOLEN PROPERTY—ADMISSIONS OF THIEF.—In a prosecution for receiving stolen property one of the allegations which the State must prove is that the property was stolen, and this fact may be proved by introducing statements of the alleged thief, though made in the absence of defendant. (Page 461.)

3. RECEIVING STOLEN GOODS—COMPETENCY OF THIEF AS A WITNESS.—In a prosecution for receiving stolen goods the thief is a competent witness to prove the receipt of the goods by defendant. (Page 461.)

4. SAME—INDICTMENT—DESCRIPTION OF GOODS.—An indictment for receiving stolen goods which describes the property as "five finger rings" is sufficient. (Page 462.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; affirmed.

*Hal L. Norwood,* Attorney General, and *C. A. Cunningham,* Assistant, for appellee.

The description of the property was sufficient. 65 Ark. 82; 71 Ark. 415. It is not error to refuse to give an instruction when the ground has already been covered by proper instructions. 72 Ark. 384; 74 Ark. 33. If the evidence with the corroboration is sufficient to satisfy the jury beyond a reasonable doubt that the defendant is guilty, they are justified in so finding. 64 Ark. 251. It is unnecessary for our court to instruct that the corroboration must be upon some material fact; for the fact tending to connect defendant with the commission of the crime is necessarily material. 36 Ark. 117; 37 Ark. 167; 40 Ark. 482; 45 Ark. 539; 50 Ark. 523; 63 Ark. 457.

FRAUENTHAL, J. The defendant, Tom Atchison, was placed on trial for the crime of receiving stolen property under the following indictment:

"The grand jury of Sebastian County for the Fort Smith District thereof, in the name and by the authority of the State of Arkansas, accuse the defendant, Tom Atchison, of the crime of receiving stolen property, committed as follows, to-wit:

"The said defendant, in the county and district aforesaid, on the 12th day of December, 1908, five finger rings of the value of three hundred dollars, the property of Mrs. A. S. J. Dougherty, then and there, lately before them, unlawfully and feloniously stolen, taken and carried away, did then and there unlawfully and feloneously have and receive, with the intent to deprive the true owner thereof, he, the said defendant, Tom Atchison, then and there well knowing that the said property had been so unlawfully and feloniously stolen, taken and carried away, as aforesaid, against the peace and dignity of the State of Arkansas."

A demurrer was interposed to this indictment upon the ground that it did not sufficiently describe the property alleged to have been received as stolen property; and because it did not state facts sufficient to constitute a public offense. The demurrer was overruled.

It appears sufficiently from the evidence that on the 12th day of December, 1908, between 11 A. M. and 12 o'clock M., five finger rings were stolen from the residence of Mr. Dougherty, on North Seventh Street in the city of Fort Smith. These rings

at the time were in a purse which was stolen at the same time, and the rings were the property of Mrs. Dougherty, and two of them were set with solitaire diamonds. These rings were stolen by a colored boy named Mathew Thomas, who was about 14 or 15 years old. He confessed to the crime after being arrested, and stated that he had thrown the purse in a pool of stagnant water in the alley between Seventh and Eighth Streets in said city. The purse was found in the mud pool described by Thomas, but the rings were never recovered.

Mathew Thomas was a witness in the case, and testified that he had been in Fort Smith two or three weeks, and that the defendant knew him. That after he stole the purse and rings he throw the purse in the mud pool on the same Saturday afternoon. That late that afternoon the defendant met him and asked him if he had not stolen the rings, and said that the officers were seeking him. That he told the defendant he had stolen the rings, and defendant told him he would give him money for the rings, and that he could with the money thus get out of the city. That he turned the rings over to the defendant, and received from him a $10 bill and a $5 bill and fifty cents in silver. That he then purchased some clothes from a merchant for $4.98 with the $5.00 bill and received two pennies in change. This was corroborated by the merchant, and when arrested there was found on Thomas two pennies and five dollars. This witness also testified that on the following day the defendant told him to exchange coats and hats with another boy so that the policeman would not be able to know him, and this he did. He was arrested in the afternoon of Sunday, December 13. On the night of Saturday, December 12, the defendant was seen in a restaurant near by a saloon and was treating other colored men, and had some money and also some rings, and was speaking loudly as if somewhat under the influence of liquor and speaking of his rings. And at the same time defendant told one of the men that he would like to sell a diamond. He admitted, when on the witness stand, that he had told the boy Thomas to exchange coats and hats with another boy on the Sunday evening following the theft.

It would appear from the evidence that the defendant ran a pool hall adjoining a restaurant or hotel conducted by his mother; and on this Saturday night he testified that he was at the

pool hall until 12 o'clock and was not at the restaurant drinking, as testified to by two other witnesses. Several witnesses for the defendant who lived at or near his home testified that defendant was at his home during all of the Saturday night after 8 o'clock. There were a number of other incriminating facts and contradictory statements made on the part of the defendant.

. We do not think that it would serve any useful purpose to give any further details of this case. A number of witnesses were introduced, both on the part of the State and of the defendant; and the above statement will give an understanding of the nature of the crime with which the defendant is charged and some of the material evidence which proved his guilt.

Upon a careful examination of the evidence, we think that the testimony of the witness Thomas is sufficiently corroborated by other evidence which tends to connect the defendant with the commission of the crime; and that there is sufficient evidence to sustain the verdict. *Kent* v. *State,* 64 Ark. 247.

The circuit court instructed the jury that the witness Thomas who stole the rings was an accomplice of the defendant in this crime of receiving stolen property, and gave the following instruction relative thereto:

"9. You are instructed that the prosecuting witness, Mathew Thomas, stole the property mentioned in the indictment, and claims that after he stole the said property he sold or gave it to the defendant. Then the court tells you that Mathew Thomas is an accomplice, and that a conviction can not be had on the testimony of Mathew Thomas, unless corroborated by other evidence tending to connect the defendant with the commission of the offense, and this corroboration is not sufficient if it merely shows that the offense was committed and the circumstances thereof."

In a great many jurisdictions it has been held that the thief is not an accomplice of the one who receives the property knowing it to have been stolen. *Springer* v. *State,* 102 Ga. 447; *State* v. *Kuhlman,* 152 Mo. 100; *State* v. *Rachman,* 68 N. J. L. 120. In other jurisdictions the thief has been held to be an accomplice of the receiver of stolen property. *State* v. *Greenburg,* 59 Kan. 404; *Johnson* v. *State,* 60 S. W. 667.

This court has never decided as to whether the thief is an

accomplice of the receiver of stolen property. In the case of *Polk* v. *State,* 36 Ark. 126, this court said: "An accomplice in the full and generally accepted legal signification of the word is one who in any manner participates in the criminality of an act, whether he is considered in strict legal propriety as a principal in the first or second degree or merely as an accessory before or after the fact." *Melton* v. *State,* 43 Ark. 371; *Carroll* v. *State,* 45 Ark. 539. See also 1 Wharton, Criminal Law, § 982a.

But it is not necessary to pass upon this question in this case, inasmuch as the case was tried in the lower court on the theory that the thief was an accomplice of defendant, and that legal corroboration of his testimony was necessary in every essential. In this view of the case the jury was properly instructed, and the evidence is sufficient to sustain the finding of such corroboration.

It is urged that error was committed by the trial court in permitting the State to introduce testimony of facts and circumstances tending to prove that Mathew Thomas stole the rings set out in the indictment, and especially in permitting the introduction of the confessions of Mathew Thomas of the stealing of said rings. One of the material allegations of the indictment was the larceny of these rings, and it was not only competent therefore, but necessary, for the State to prove such allegation; and all testimony that tended to establish the truth of that allegation was competent in the trial of the charge made against the defendant of receiving said stolen property. At the time of the introduction of said testimony the court also instructed the jury that such testimony should be considered by them only in determining whether the property was stolen, and should not be considered by them as proving or tending to prove that the defendant either received the property or knew that same was stolen. The testimony was therefore competent, and no error was committed by the court in permitting its introduction. The statements made by Mathew Thomas in the absence of defendant related only to the larceny of the rings by Thomas, and did not relate to any connection of defendant therewith or to his receiving same. The receiving of the property by defendant was testified to by Thomas as a witness in the case; and he was

competent to testify to this as a witness. 1 Wharton on Criminal Law, § 982a; 24 Am. & Eng. Ency. Law, 50.

It is contended that the indictment fails to sufficiently describe the property. In the case of *State* v. *Parker,* 34 Ark. 158, this court held that "twenty-five cords of wood" sufficiently indicates personal property, and is a sufficient description of the property. And therefore in this case we think that "five finger rings" is a sufficient description of the property, so that the jury can say whether the property proved to be stolen is the same as that upon which the indictment is founded. 25 Cyc. 76, and n. 83. The indictment sufficiently and correctly charges an offense against the laws of the State of Arkansas; and there was no error committed in overruling the demurrer thereto.

Objections were made to a number of the instructions given in the case. The court fully instructed the jury on every phase of the case, and upon an examination thereof we find no error in any of them.

Finding no error, the judgment is affirmed.