## WILSON *v.* STATE.

### Opinion delivered June 19, 1916.

1. LIQUOR—PENALTIES FOR SALE—LIABILITY OF PURCHASER AS AN ACCOMPLICE.—The penalties of Act 30, page 98, Acts of 1915, are denounced against one who sells, and not against one who buys liquor, and one who assists the purchaser in procuring the liquor is not an accomplice of the seller.
2. LIQUOR—STATE-WIDE PROHIBITION STATUTE—FIXED PENALTY.—Act 30, page 98, Acts of 1915, prohibiting the sale of intoxicating liquor, is not unconstitutional because it provides a fixed punishment for a violation thereof, and does not prescribe a maximum and minimum punishment.
3. CONSTITUTIONAL LAW—STATE-WIDE PROHIBITION STATUTE—SUSPENSION OF SENTENCE UPON CONVICTION.—Act 30, page 98, Acts of 1915, is not void as abridging the powers of the judiciary in prohibiting the suspension of sentence upon conviction. There is no constitutional inhibition against this legislation.

Appeal from Lafayette Circuit Court; *Geo. R. Haynie,* Judge; affirmed.

*D. L. King,* for appellant.

*Wallace Davis,* Attorney General, and *Hamilton Moses,* Assistant, for appellee.

1. · Witness Morris was not an accomplice. The instruction on the question of accomplice is correct. 64 Ark. 253.

2. Our prohibition law is constitutional. 156 U. S. 1; 226 *Id.* 192; 152 *Id.* 133; 211 *Id.* 31; 232 *Id.* 138; 187 *Id.* 607; 225 *Id.* 623; 226 *Id.* 192; 69 So. 652; 210 Fed. 378; 33 Me. 558; 54 Am. Dec. 639; 205 U. S. 93; 68 So. 993; 179 Ala. 51; 177 *Id.* 149; 8 App. Ct. Rep. 386; 62 So. 365; 67 *Id.* 651; 82 Kan. 756; 109 Pac. 183; 140 *Id.* 49; 109 Ga. 373; 47 L. R. A. 36; 77 Am. St. 384; 83 S. W. 254.

SMITH, J. Appellant was twice indicted and convicted for a violation of Act No. 30 of the Acts of 1915, page 98. This is the act which prohibits the issuance of liquor license and makes the sale of intoxicating liquors a felony, punishable by imprisonment in the State penitentiary for a period of one year. The cases have been briefed and argued together, and as the issues are identical, we dispose of them as a single case.

Appellant questions, first, the sufficiency of the evidence. Upon this question it may be said that two witnesses, one named Arnold and another named Morris, testified in each case to a sale, and their evidence, if true, would leave no doubt of appellant's guilt.

Appellant says, secondly, there is no proof of his guilt except the evidence of Morris, and that the proof shows Morris was an accomplice and that, therefore, the evidence is insufficient for the want of legal corroboration. This could not be true unless the jury totally disregarded the evidence of Arnold, and it was within the province of the jury to pass upon his credibility.

(1) The contention that Morris was an accomplice is based upon his own evidence that he was interested in trying to break up blind tigers and had helped Arnold to buy the liquor for the purpose of prosecuting the person who made the sale, and upon the evidence of Arnold, who testified that when he and Morris met appellant in the room, where the liquor was delivered, Morris said, "Arnold is all right; he won't give you away." Upon this

question the court gave an instruction which directed the jury to find whether Morris was an accomplice, and in-structed them, in accordance with the provisions of sec-tion 2384 of Kirby's Digest, that a conviction could not be had on this evidence unless they found Morris was cor-roborated as required by said section.

In the oral argument appellant contends that the purchaser is an accomplice of the seller and that a con-viction can not, therefore, be had on his evidence without corroboration. We have held, however, that when the statute is directed against the sale, and not against the purchase, of whiskey, one who assists the purchaser in buying intoxicating liquor, and confines his participation in the transaction exclusively to the buying, and not to the selling, is not guilty of any offense. The penalties of this act are denounced against one who sells, and not against one who buys. See *Dale* v. *State*, 90 Ark. 579; *Fenix* v. *State*, 90 Ark. 589, and cases there cited. See, also, 12 Cyc. 447, and cases cited.

It is finally insisted that sections 2 and 3 of the act are unconstitutional, because any corporation which vio-lates the act is made guilty of á felony, and because the act names a fixed punishment and does not leave to the court or jury any discretion in fixing the punishment, and because the court is denied the right to suspend sentence upon a conviction being had before the jury.

We need not consider here whether a corporation can violate this act. The Legislature evidently intended to prevent any one and everybody from selling liquors, and even though the provision as to corporations was void, that fact would not invalidate the remainder of the stat-ute, as it is plainly manifest that the Legislature intended the penalty of the act to apply to any one who violated its provisions.

(2) We know of no constitutional requirement that varying degrees of punishment be provided for the viola-tion of a statute. It is ordinarily true that a maximum and minimum punishment is prescribed, but this is done

that the court and jury may exercise a discretion in imposing the penalty, dependent upon varying circumstances which might appear to justify or require a heavier or a lighter sentence. Still the Legislature has the authority to define a fixed punishment, and has heretofore exercised this right in other cases, as, for instance, in fixing the fine for profanity at one dollar.

(3) Nor do we think the act is void as abridging the constitutional powers of the judiciary in prohibiting the suspension of sentence upon conviction. Several recent cases have held that the court may enter sentence upon a verdict or plea of guilty at a term subsequent to the one at which the conviction was had or the plea entered. These cases are based upon the authority of *Thurman* v. *State*, 54 Ark. 120, in which case it was held that the statute did not require that the sentence be pronounced and judgment entered at the same term at which the plea was entered. That case treated the subject as one for statutory regulation. There being no constitutional inhibition against this legislation, we must hold it valid.

The judgment of the court below will, therefore, be affirmed.