### WILLIAMS *v.* STATE.

#### Opinion delivered June 11, 1917.

1. LIQUOR—ILLEGAL SALE—INTERMEDIARY.—One H. requested appellant to purchase a pint of whiskey for him, giving appellant a dollar. Appellant procured the whiskey and delivered the same to H. *Held,* appellant was the intermediary, and as H. did not know the seller's name, appellant was a necessary factor and an active participant in the sale, and liable to conviction for an illegal sale.

2. LIQUOR—ILLEGAL SALE—ACT OF INTERMEDIARY.—Under the above facts, H. was a mere purchaser, and not a participant in the offense; he can not be treated as an accomplice.

Appeal from Sebastian Circuit Court, Fort Smith District; *Paul Little,* Judge; affirmed.

*Holland & Holland,* for appellant.

1. The testimony for the State, if literally true, is not sufficient to sustain a verdict of guilty. Williams was only an agent for Henson. 124 Ark. 477. It was error to give instruction No. 1 for the State.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. The evidence is sufficient to sustain the conviction. 125 Ark. 232; 105 *Id.* 462; 45 *Id.* 361; Acts 1915, p. 98.

McCULLOCH, C. J. Appellant is charged in the indictment with the offense of selling whiskey on July 4, 1916, in the city of Fort Smith. A witness, one Henson, testified that he met appellant on one of the streets in Fort Smith and asked him to get some liquor for him, to

which request appellant acceded; that the two got into an automobile, driven by appellant, and drove down Garrison avenue, and thence up another street, either Eighth or Ninth street, the witness being uncertain as to which it was, and stopped in front of a house; that appellant got out of the automobile, and, after receiving the sum of $1.00, which witness paid over to him, went into the house and in a short time returned with a pint of whiskey, and delivered the same to witness. Appellant did not, according to the testimony of that witness, disclose the name of the person from whom he procured the whiskey. Appellant, testifying in his own behalf, stated that he and witness Henson went together in appellant's automobile to a house on Ninth street in the city of Fort Smith and that each purchased a pint of whiskey from John Tucker, who lived at that place, and that each of them paid for his own whiskey.

The court, in correct instructions, submitted to the jury the question whether or not appellant was a participant in the sale of whiskey to Henson. It is insisted that the evidence was not sufficient to prove appellant's participation in the sale of the whiskey. We think that the testimony of witness Henson was sufficient to sustain the charge in the indictment, if his version of the transaction, instead of that of appellant, is believed. According to the testimony of the witness, appellant became the intermediary between Henson, the purchaser, and Tucker, the seller, without disclosing the latter's name to the purchaser, which rendered him a necessary factor and an active participant in the sale. *Bobo* v. *State,* 105 Ark. 462.

We need not stop to consider whether or not the testimony of other witnesses introduced by the State amounted to corroboration of Henson's testimony, for he was merely a purchaser, not being a participant in the offense, and can not be treated as an accomplice. *Wilson* v. *State,* 124 Ark. 477.

The trial court was correct in holding that the evidence was legally sufficient to sustain the verdict, and in refusing to give the instruction requested by appellant, which told the jury that if appellant received the money from witness Henson and "procured a pint of whiskey with this money, and turned the whiskey over to Henson, you are instructed that this transaction did not amount to a sale."

Judgment affirmed.