MURPHY *alias* CARAWAY *v.* STATE.

Opinion delivered September 24, 1917.

1. CRIMINAL LAW—CONVICTION UPON TESTIMONY OF ACCOMPLICE.—Defendant was charged with the crime of larceny, and it appeared that he had delivered certain of the goods stolen to one C. *Held*, it was the duty of the court to tell the jury that if C. received the goods with knowledge that they were stolen, that she was an accomplice, and that a conviction could not be had unless C.'s testimony was corroborated by that of other witnesses.

2. CRIMINAL LAW—RECEIVER OF STOLEN GOODS—ACCOMPLICE.—The receiver of stolen goods and the thief from whom he received them are accomplices within the meaning of Kirby's Digest, § 2384, which provides that a conviction for a felony can not be had upon the testimony of an accomplice, without other corroborating evidence.

Appeal from Pulaski Circuit Court, First Division; *Robert J. Lea,* Judge; reversed.

*Fred A. Isgrig* and *Phil McNemer,* for appellant.

1. Evidence of other larcenies was inadmissible. 37 Ark. 264; 39 *Id.* 278; 1 Wigmore on Evidence 426, par. 346; 52 Ark. 309; 54 *Id.* 626; 91 *Id.* 559; 117 *Id.* 296; 110 *Id.* 226; 120 *Id.* 157; 87 *Id.* 17; 85 Atl. 731; 167 Mich. 53; 132 N. W. 470; 1 Jones on Evidence (1913 ed.), 720; 62 L. R. A. 193, note; 25 Cyc. 107, notes 23, 30, etc.; 97 N. Y. Supp. 917; 125 *Id.* 976; 134 N. W. 807; 117 S. W. 148.

2. Cynthia Carmichael was an accomplice and there was no corroboration of her testimony. Kirby & Castle's Digest, § § 1643-4-5; 36 Ark. 126; 111 *Id.* 299; 194 S. W. 863.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. Evidence of other larcenies was admissible to prove a general scheme and felonious intent. 32 Ark. 238; 13 *Id.* 168; 60 *Id.*; 75 *Id.* 433; 81 *Id.* 173.

2. Cynthia Carmichael was not an accomplice. Kirby's Digest, § 1562; 90 Ark. 460; 53 S. W. 416; 66 Pac. 372; 44 S. E. 850; 58 N. E. 81; 91 Ark. 506. But, if so, her testimony was amply corroborated.

SMITH, J. Appellant was employed as stockman in the ladies' ready-to-wear department of the Gus Blass Company, in the city of Little Rock, and several indictments were returned against him which alleged that he had stolen various articles of merchandise during his employment. The proof tended to show that one Cynthia Carmichael aided appellant in the disposition of these goods, and certain of the stolen articles were found in her possession. It was shown that, when she learned that appellant had been accused of larceny and that search was being made for the goods which he had stolen, she hid certain articles of this stolen merchandise, and when they were found in her possession she admitted that she had obtained them from appellant, but stated that she sold goods for appellant at very cheap prices, he having rep-

resented to her that through his employment he was able to obtain goods at the wholesale price. Appellant denied that Cynthia Carmichael had obtained the goods from him.

Several indictments were returned against appellant, and proof was admitted that Cynthia Carmichael had received from appellant other goods besides those described in the indictments in this case. Exceptions were saved to the admission of this evidence.

Instructions were asked which told the jury that, if Cynthia Carmichael knew, when she received the goods, that they were stolen, she was an accomplice, and that a conviction could not be had upon her testimony unless it was corroborated by other evidence tending to show that appellant had committed the crime charged.

Under the circumstances of this case, we think the evidence of the other larcenies was competent. It is, of course, well established that the State can not show the commission of one crime as a circumstance from which to infer guilt of another crime. But, in admitting this evidence, the court specifically limited it, and told the jury that it should be considered for a single purpose, and that was as bearing upon the contention made by the State that appellant had a plan or scheme for stealing these goods and of disposing of them, and that the goods in question were stolen pursuant to this plan. For this purpose the evidence was competent, and no error was committed in view of the limitation placed upon it at the time of its admission. *Davis and Thomas* v. *State,* 117 Ark. 296.

We think, however, that the instruction upon the corroboration of an accomplice should have been given. It is true that appellant denied selling Cynthia Carmichael the goods, and it is also true that she testified that she purchased them from him in good faith, believing he had the right to sell them to her. But the jury probably did not believe either of them entirely. The jury certainly did not believe appellant when he denied delivering the goods to Cynthia, and may also have disregarded that

portion of her testimony in which she said she did not know they were stolen.

This court has never decided whether the receiver of stolen goods is an accomplice of the thief who stole them. The question was raised in the case of *Atchison* v. *State,* 90 Ark. 460, but the decision of that question was pretermitted, as it was found unnecessary to decide the question to dispose of that case. After stating that the courts had reached divergent conclusions on this subject, the opinion quoted the definition of an accomplice contained in the case of *Polk* v. *State,* 36 Ark. 126, where it was said: "An accomplice in the full and generally accepted legal signification of the word is one who in any manner participates in the criminality of an act, whether he is considered in strict legal propriety as a principal in the first or second degree or merely as an accessory before or after the fact."

The courts are not all agreed as to whether an accessory after the fact is an accomplice; yet we have expressly so held in the case of *Stevens* v. *State,* 111 Ark. 299.

The Texas Court of Criminal Appeals, in the case of *Street* v. *State,* 39 Tex. Crim. Rep. 134, held that under their statute the mere receiver of stolen goods could not be convicted as an accessory to the theft thereof, and cited cases from California and Georgia to the same effect.

In the case of *People* v. *Kraker,* 72 Cal. 459, 1 Am. St. Rep. 65, the Supreme Court of California said:

"An accomplice includes all persons who have been concerned in the commission of an offense, and the grade of guilt of the witness is not important," and held that the receiver of stolen goods could not be convicted upon the uncorroborated evidence of the thief who had stolen them, because of a statute of that State substantially identical with our own prohibiting a conviction upon the uncorroborated testimony of an accomplice.

The case of *State* v. *Moxley,* 103 Pac. 655, is annotated in 20 A. & E. Cas. 593, and the cases there cited indicate a contrariety of views on the part of the courts upon this subject and the note concludes with the state-

ment that, while the Texas Court of Criminal Appeals held that the receiver of stolen goods is not an accessory, yet that court asserts that such receiver is an accomplice of the thief within the rules of evidence relating to the testimony of accomplices. Among the Texas cases cited in the note is the case of *Walker* v. *State,* 37 S. W. 427, where it was held that one who accepts meat which he knows is from a cow stolen by the giver is an accomplice in the theft within the rule requiring corroboration of an accomplice's testimony. Another Texas case cited in this note is that of *Crawford* v. *State,* 34 S. W. 927, the syllabus of which is as follows: "On trial for theft, where there was evidence that a witness had received the stolen property with knowledge of the theft, it was error to refuse to charge that evidence, to be corroborative of the testimony of such accomplice, 'must not only be criminative of defendant's connection with the theft, * * * but the criminative facts * * * must be shown by the testimony of some other witness than the accomplice.' "

The opinions on this subject are more or less abstruse and deal with learning more or less ancient, but without attempting to review all these cases, we announce our conclusion to be that the receiver of stolen goods and the thief from whom he received them are accomplices within the meaning of section 2384 of Kirby's Digest, which provides that a conviction can not be had in any case of felony upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense. This view comports with the definition of an accomplice given in the case of *Polk* v. *State, supra,* and approvingly quoted in the case of *Atchison* v. *State, supra.* We think, too, that this view conforms to the spirit and reason which led to the rule of evidence enacted in this State by what is now section 2384 of Kirby's Digest. One who steals, or who knowingly receives stolen goods, is a felon, and would have the quite human desire of sharing his guilt with another, if he were so far unable to exculpate himself as that he must confess his own guilt. Men are prone to take to themselves full

credit for their successes and to charge to others responsibility for their failures. So one charged with crime will likely excuse himself and escape punishment, if possible, or, if this be impossible, he will be tempted to have some one share with him the censure and condemnation attendant upon detection. To protect the innocent against such frailty of human nature, it is provided by statute that one who confesses his own guilt can not condemn another, unless his statement is corroborated by other evidence tending to connect the person so accused with the commission of the offense confessed, and that this corroboration shall not be held sufficient if it merely shows the commission of the crime charged and the circumstances thereof.

There was evidence besides that of Cynthia Carmichael tending to connect appellant with the commission of the crime charged, but both the truth of this evidence and its weight and sufficiency were questions for the jury, and appellant was entitled to have the jury told that, if Cynthia had received the goods, knowing them to be stolen, a conviction could not be had upon her testimony alone, as the jury might have found that the other evidence credited and accepted by them was not sufficient to meet the requirements of the law.

For the error indicated, the judgment of the court below will be reversed and the cause remanded for a new trial.