### HESTER *v.* STATE.

Opinion delivered September 26, 1921.

1.  CRIMINAL LAW—EVIDENCE—CORROBORATION OF ACCOMPLICES.— One who received goods, knowing them to have been burglariously stolen, is an accomplice within the statutory rule requiring the testimony of an accomplice to be corroborated.

2.  CRIMINAL LAW — RES GESTAE. — Statement of defendant's mother, made on the day following the night on which the burglary was committed, to the effect that she was glad the defendant had been at home on the night of the burglary because they could not accuse him of it, as they had done in another burglary case, was inadmissible, not being part of *res gestae.*

Appeal from Greene Circuit Court, Second Division; *R. E. L. Johnson,* Judge; reversed.

*Jeff Bratton* and *W. W. Bandy,* for appellant.

1.  The declaration as to appellant's whereabouts on the night of the burglary, made by his mother immedi-

ately after her husband on the next day reported the occurrence of the burglary, was competent. This exclamation was *res gestae* of the evidentiary fact of her remembrance as to where he was at the time the crime was committed, his whereabouts at that time being the ultimate, or principal, fact to be proved. Corpus Juris, vol. 22, p. 449; 88 S. W. 212, 215; 48 Ark. 333; 17 Cyc., 795.

2. The testimony of the witness Bill Woods, to the effect that after the burglary Cole, in the absence of the appellant, told him who committed the burglary, and that appellant was one of them, was pure hearsay, and not admissible. 73 Ark. 146; 141 Ark. 170; 143 Ark. 315; 37 Ark. 84; 63 Ark. 457.

3. The court erred in refusing to declare, as a matter of law, that the witness, Wood, was an accomplice. At least, the question should have been submitted to the jury. 139 Ark. 385. The evidence shows unmistakably that he was an accessory after the fact, and, therefore, an accomplice; but, if there was any dispute, the question should have been submitted to the jury. 51 Ark. 115; 111 Ark. 299; *Terry and Cornall* v. *State,* ms. op.; Corpus Juris, vol. 16, pp. 139, 670; 130 Ark. 353; 128 *Id.* 452; 63 *Id.* 457; 125 S. W. 16; 36 Ark. 126.

4. The jury should have been instructed not to consider the testimony of the witnesses, Cole and Spillman, as being corroborative each of the other. 51 Ark. 115; 43 *Id.* 369.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

1. The remark of appellant's mother in conversation at the table the next day after the perpetration of the crime was not a part of the *res gestae.* 1. Wharton on Evidence, §259; 69 Ark. 648; 85 *Id.* 300; 114 *Id.* 267; 138 *Id.* 517; 217 S. W. 482.

2. Conceded that it would have been improper for Woods to testify that appellant was one of the parties implicated in the crime, but Woods did not so testify.

3. On the question as to Woods being an accomplice, the court was correct in its rulings. The test as to whether a witness is an accomplice is whether he could himself have been indicted for the offense either as principal or accessory. 1 R .C. L. § 3, p. 157; 12 Cyc. 445, 446; 16 Corpus Juris, p. 671. Appellant was tried and convicted, not on the larceny charge, but only for burglary. Woods might have been an accomplice of Cole, and still not be an accomplice of appellant. C. & M. Digest, § 2432; *Id.* § 2483; *Id.* § 2495; 1 R. C. L. § 3, pp. 157, 158; *Id.* § 5, p. 159; 132 Ky. 666, 117 S. W. 253; 136 A. S. R. 192, 19 Ann. Cas. 140 and note; 18 S. D. 1, 98 N. W. 171; 5 Ann. Cas. 760 and note. See also 16 Corpus Juris, p. 672.. This testimony, if believed, sufficiently corroborated the testimony of Cole and Spillman to warrant conviction of appellant for burglary. 36 Ark. 653; 32 *Id.* 220.

Hart, J.   Ray Hester prosecutes this appeal to reverse a judgment of conviction against him for the crime of burglary.

The first assignment of error is that the court erred in not telling the jury that Bill Woods was an accomplice, and that his testimony required corroboration in order to convict the defendant.

Among the witnesses for the State were Walter Cole, Bill Woods, and Gilbert Spillman. Walter Cole and Gilbert Spillman testified that they, in company with Ray Hester, broke into a mercantile establishment in Paragould, Greene County, Arkansas, in April, 1920, in the night time and took therefrom silk shirts, silk hose, shoes, underwear, collars and neckties, worth between $2,000 and $3,000.

Walter Cole testified that they hid the goods under a certain house on the night the burglary was committed; that he told Bill Woods about the burglary before the goods were divided; that he also talked with Bill Woods about the burglary after the goods had been divided; that Bill Woods agreed to help him take his share of the stolen goods to Oklahoma; that they placed the stolen

goods in grips and that he and Bill Woods started to Oklahoma and were arrested soon after they started, and that Bill Woods had part of the stolen goods in his grip at the time he was arrested.

Bill Woods testified that, in a few days after the burglary was committed, Walter Cole told him that Ray Hester, Gilbert Spillman and himself had committed the burglary; that soon afterward witness asked Ray Hester if they had divided the goods, and Hester replied that they had, and that some one had stolen his part. Witness then agreed with Walter Cole to help him carry his part of the stolen goods to Oklahoma for the purpose of disposing of them. Walter Cole and Bill Woods then started to Oklahoma, each carrying a grip with part of the stolen goods in it. Witness knew that the goods had been stolen at the time the storehouse in question was burglarized in Paragould, Arkansas, and he was going with Cole to Oklahoma to help him dispose of his share of them at the time they were arrested.

The court instructed the jury that Walter Cole and Gilbert Spillman were accomplices of the defendant in the burglary, but refused to instruct them that Bill Woods was also an accomplice, and that there could be no conviction upon his uncorroborated testimony.

This raises the question of whether or not the failure of the court to charge that Bill Woods was an accomplice, and that under the statutes his testimony required corroboration, calls for a reversal of the judgment. The word, "accomplice," as used in our statute requiring corroboration, has been construed by the court to include an accessory after the fact. *Edmondson* v. *State,* 51 Ark. 11, and *Stevens* v. *State,* 111 Ark. 299.

But it is insisted by the State that the receiver of stolen goods is not an accomplice of the person committing burglary at the time the goods are stolen. There is a division of the authority in other States on this question. In *Murphy* v. *State,* 130 Ark. 353, the defendant

was charged with the crime of larceny, and it appeared from the testimony that he had delivered some of the stolen goods to one "C." This court held that it was the duty of the court to tell the jury that if "C." received the stolen goods with knowledge that they were stolen, she was an accomplice, and a conviction could not be had unless her testimony was corroborated in the manner provided in the statute.

In the light of the authorities cited, it follows that Bill Woods was an accomplice of the person committing the burglary, so that the conviction of the one can not be sustained on the uncorroborated testimony of the other. In this case it is not shown that the witness, Bill Woods, participated in the original taking, but it is not questioned that he received a part of the stolen goods, knowing they were stolen, for the purpose of helping dispose of the same. Thus the undisputed evidence places him in the attitude of an accomplice, and it was reversible error on the part of the trial court not to charge the jury on accomplice's testimony in the manner provided in the statute.

In view of a new trial, it is thought advisable to consider one other alleged error. It pertains to the refusal of the court to permit the mother of the defendant to give certain testimony in support of his defense of an alibi. On the day following the night of the burglary, the father of the defendant came home and reported the fact of the burglary to his family at the dinner table. The defendant offered to prove that his mother at once stated that she was glad the defendant had been at home on the night of the burglary because they could not accuse him of it, as they had done in the Bertig burglary.

It is claimed that this statement made by the mother of the defendant was a part of the *res gestae,* and should have been admitted in evidence. We do not agree with counsel in this contention. The burglary had been committed on the preceding night and the stolen goods had

been hidden. The statement of the mother had no connection whatever with the burglary and could not be said in any manner to be associated with it. It was simply an utterance on her part relative to a past transaction and constituted no part of the *res gestae*. *Elder v. State,* 69 Ark. 648, and *Spivey* v. *State,* 114 Ark. 267.

The mother of the defendant was permitted to testify that her son was at home on the night the burglary was committed and to give in full her reason for recollecting that he was there on that night. This was as far as she was entitled to go, and the trial court committed no error in refusing the excluded testimony just referred to.

For the error in refusing to tell the jury that the witness, Bill Woods, was an accomplice and charge the jury on an accomplice's testimony in the manner provided by the statute, the judgment must be reversed, and the cause will be remanded for a new trial.