## HENDERSON v. STATE.

### Opinion delivered July 11, 1927.

1. CRIMINAL LAW—ACCOMPLICE DEFINED.—Under Crawford & Moses' Dig., § 3181, providing that conviction of a felony cannot be had on the uncorroborated testimony of an accomplice, *held* that an accomplice is one who could himself be convicted of the crime charged against the defendant, either as principal or accessory.

2. CRIMINAL LAW—ACCOMPLICE IN POSSESSION OF STILL.—A laborer hired to work at a still is not an accomplice in the crime of the owner of possessing a still, even if he was an accomplice in its operation.

3. INTOXICATING LIQUORS—CORROBORATION OF ACCOMPLICE.—Even if one hired to work at a still was an accomplice of the owner charged with possessing a still, evidence *held* sufficient to corroborate such laborer upon the question whether defendant was guilty of possessing the still.

Appeal from Ouachita Circuit Court, First Division; *L. S. Britt,* Judge; affirmed.

*R. K. Mason* and *Powell, Smead & Knox,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

MEHAFFY, J. Heinie Henderson, the appellant, was convicted at the April term, 1927, of the Ouachita Circuit Court of the crime of having a still in his possession, and the indictment charges that the crime was committed as follows: The said defendant, on the 18th day of April, 1927, in Ouachita County, Arkansas, did unlawfully and feloniously have and keep in his possession a still and

stillworm, such as may be used for the manufacture of distilled spirits, without registering the still with the proper United States officer.

R. D. Newton testified, in substance, that he was deputy sheriff of Ouachita County, and knew the defendant, and that, as deputy sheriff, he went to the home of Heinie Henderson with A. W. Ellis, S. W. Padgett, B. M. Milner and Zack Horton. That they had information that the defendant was engaged in the liquor business, and they went to his house, and it was just getting daylight. There was a negro sleeping in a tent back of the house, and by his bed were some old overalls, which made witness think he was running a still. Witness asked this negro what he was doing, and he said he was working for the defendant. The defendant and his brother came out of the house, and there was another man that witness did not know, and Slim Jackson. Witness said they made a search of the place and found a lot of empty fruit jars and some eight-ounce bottles and one or two kegs. The negro took them up to the still; took them through the woods around some trails a mile or two from the house. It was a copper still, would hold probably one hundred gallons, and there were 46 or 48 barrels of mash at the still, but they did not find any liquor. The still was complete in every way. Witness said they then went back, and brought defendant and his brother and a negro to town. Did not see any houses but the defendant's and his still.

A. W. Ellis, the sheriff, testified, in substance, to the same facts testified to by Newton. He testified about following the old negro and being taken by him to the still, and the old darkey told him he was working for the defendant. That witness returned the following day to defendant's house and made a search there, and found some burners like the one at the still. The still bore evidence of having been operated. The burners that they found were rusty. The tent that the negro was in was about 20 feet from the corner of defendant's house. It was furnished with two or three beds, a dresser, and an

old rug. It was about 16 by 18 feet. Nobody was sleeping in there but the old negro.

Noah Goff, the old negro, also testified that, when Mr. Ellis and Mr. Newton came to the house, he was in the tent sleeping. That he had just come there. Had worked three days for the defendant. Defendant had hired him to work for him, and defendant was to pay him $4 a day for his labor, and he went to work for him at the still. Defendant said it was his still. That he did not know how to run a still. That he was at the still Thursday, Friday and Saturday, three evenings, and was sent there by defendant, and defendant was paying him. He worked at the same still that he took Mr. Ellis and Mr. Newton to. Had never worked at a still before. He worked around the still, and put some mud around the still, and knew that they were making liquor there. He also cut some wood.

The above is the substance of the testimony introduced by the State, and it is unnecessary to set it out in detail.

The old darkey testified that he was employed by the defendant to work at the still, and did work at the still, and defendant told him that the still belonged to him. The officers testified, in substance, that the old negro showed them the still, and then in their search they found some burners, jars, kegs, etc.

Joe A. Scarboro, justice of the peace, and witness for the defendant, testified, in substance, that the defendant was tried in his court and bound over, and this witness stated that the old negro, Noah Goff, testified that he had been hired by defendant or some one to cut wood, and he started to work, and some time afterwards some one told him he would have to go over and work at the still, and he went to some still. That the person who told him to go was some one he did not know. The old negro testified that he was sure that the defendant had never mentioned the still to him. On cross-examination he said there was enough testimony to bind the defendant over. That he did it because he thought it ought to be investi-

gated. Witness said he did not reduce the old negro's testimony to writing; that he was just telling what he remembered about it. Witness said he also bound the negro over, and, when time came for the examining trial, he asked about him, and nobody seemed to know, and some one told witness that the case against the negro had been dismissed.

John B. East, a witness for the defendant, testified that he had been a deputy United States Marshal about four and one-half years, and knew the defendant, and that, before the defendant moved to the place where officers searched, he had seen a number of fruit jars and beer bottles there. It looked like a typical beer joint. That was before defendant moved there. That after defendant moved there it did not look the same, but that he had seen liquor there. Defendant told witness that he was farming, and had a corn crop. His crop was mostly corn and beans.

D. A. Braswell, witness for the defendant, testified that he was constable, and that he had seen lots of ½-inch pipe and quite a few bottles and jars around the place before the defendant moved there, and that he also saw them while the defendant lived there. It looked about the same after he went there.

After the evidence was introduced and argument of counsel, the jury found the defendant guilty, and assessed his punishment at two years in the State Penitentiary. Thereafter the defendant filed motion for a new trial, which was overruled, and exceptions saved, and the defendant appealed to this court.

No objections are made to the instructions given by the court and no objections to the evidence, but the appellant insists that the case should be reversed because Goff, the negro, was an accomplice, and that there was not sufficient corroboration of the testimony of Goff to justify submitting the case to the jury.

The statute with reference to an accomplice is: "A conviction cannot be had in any case of felony upon the testimony of an accomplice, unless corroborated by other

testimony tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows that the offense was committed and the circumstances thereof. Provided, in misdemeanor cases a conviction may be had upon the testimony of an accomplice.'' Crawford & Moses' Digest, § 3181.

While the evidence corroborating the testimony of the negro is very slight, still a majority of the court is of the opinion that, even if the negro witness was an accomplice, the corroboration is sufficient to justify the court in submitting the question to the jury. And the evidence for the State, if believed by the jury, warranted it in finding that the appellant was in possession of the still, and operated it.

An accomplice is one who could himself be convicted of the crime charged against the defendant, either as principal or accessory. That means convicted of the crime being investigated—the crime of possessing a still. If the testimony of the negro is true, he was an accomplice in operating the still and manufacturing liquor, for he worked at the still knowing that that was what they were doing, and he thereby aided and assisted in the operation of the still and the manufacture of whiskey. But certainly it cannot be said from the testimony in this case that the negro witness aided or assisted in any way in possessing the still. He was merely, according to the testimony, a laborer, and had nothing to do with the possession or control of the still. And, if this is true, he could not be convicted of possessing the still, and he is therefore not an accomplice.

This court has held that two or more persons may be indicted and convicted for possessing a still, but it has never held that one who was simply hired to do work and had no control of the still at all could be convicted of possessing a still.

''The general test to determine whether a witness is or is not an accomplice is, could he himself have been indicted for the offense, either as principal or accessory? If he could not, then he is not an accomplice. * * * A

person who steals property and one who afterwards receives it from him knowing it to be stolen, are guilty of separate offenses, and, unless more than this be shown, neither is an accomplice in the offense of the other." *State* v. *Gordon*, 117 N. W. 483, 105 Minn. 217, 15 Ann. Cas. 897.

This negro witness, if he were an accomplice in making the whiskey, in manufacturing whiskey, and in operating the still, this would be a separate offense from possessing the still. And, while he would be an accomplice if the defendant were charged with manufacturing whiskey, he is not an accomplice in the crime charged, that of possessing a still. And therefore the defendant could be convicted on his testimony alone, without any corroboration, if the jury believed his testimony.

Alice Boyd was convicted in the Kentucky court upon the charge of violating the Kentucky statute which made it a felony to write, print, sell, etc., lottery tickets and gift enterprises wherein money or other things of value were disposed or were pretended to be disposed of. She asked a reversal, among other things, because she contended that the evidence was not sufficient to authorize a conviction. And she contended that the court erred in giving an instruction, under the provision of the Code, to the effect that a conviction cannot be had upon the testimony of an accomplice, and the court said that that section had no application.

"An accomplice is one of several equally concerned in the commission of a felony, or one connected in some way with the crime charged. Jennie Doherty was guilty, under the statute, for buying a lottery ticket. She was in no wise guilty under § 2573, which prescribed appellant's offense and punishment, and Jennie Doherty was made a competent witness by § 2579, and she was not an accomplice." *Boyd* v. *Commonwealth*, 132 S. W. 423, 141 Ky. 247.

"As we said in *People* v. *Coffey*, 'At common law the jury had the right to convict upon the uncorroborated

testimony of an accomplice, and it is only by reason of the statute that it is not allowed here. The statute cannot be construed in a loose or popular sense, but must be interpreted and accepted as recognized by law writers, and as it was evidently intended by the Legislature when it made the bribe-taker and the bribe-giver each guilty of a different crime." *People* v. *Ruef,* 114 Pacific 54, 14 Cal. App. 576.

The Court of Appeals of the Second Circuit stated:

"A majority of the court think that his presence and participation in the manufacture was not enough to show that he was in possession, either of the still or the alcohol. It is equally possible that a companion or third person was the boss, as he put it. A servant is not ordinarily in possession." *De Gregorio* v. *United States,* 7 Fed. Rep., 2d Series, 295.

"Hired servants cannot be joined as co-defendants. Their services in manufacture do not convert the possession and control of their employer into the joint possession, custody and control of the servants and the employer within the meaning of the law. The crime implies more than physical presence and the laying on of hands, and includes unlawful custody and control." Blakemore on Prohibition, 3d ed. 520.

The only evidence in the record against the witness Goff is that he was hired by appellant to work for him. He was merely a servant. Nobody saw him at the still except when he took the officers out and showed it to them, and his services as a laborer or servant did not convert the possession or control of the appellant and did not make him an accomplice of the appellant.

An accomplice is one who assists or is concerned in some way with the crime charged, the crime being investigated. The crime being investigated in this case was the crime of possessing a still, and not the manufacture of liquor. The witness Goff was an accomplice in the manufacture of liquor, because he did work at the still and thereby aided and assisted in the manufacture of the liquor. But manufacture is a distinct crime from pos-

session, and he did nothing, so far as the record shows, that indicated that he had any possession or control or that he did anything else except to work as a servant for the appellant.

It is not sufficient that a witness was engaged with the person charged in an offense other than the one for which he is being tried, but the evidence, in order to make him an accomplice, must show that he aided and assisted in the particular crime charged and being investigated, and not in some other crime.

The person who bought the lottery ticket violated the law, but the crime of purchasing a lottery ticket was a different crime from selling a lottery ticket. A person was charged with receiving stolen property, indicted, and tried for it. Two boys testified that they stole the property and sold it to the defendant. They were guilty of the crime of stealing. Defendant was guilty of the crime of receiving stolen property, but the court held that they were not accomplices because the crime they committed was larceny and the crime that defendant committed was receiving stolen property.

We therefore conclude that the witness Goff was not an accomplice and that a conviction could be had against the appellant without any corroborating testimony if the jury believed the witness. We have already said, however, in this case that there was evidence sufficient to corroborate the testimony of the witness Goff. The evidence in this case was sufficient to justify the jury in finding the appellant guilty as charged, and their finding of fact is conclusive, and the judgment is therefore affirmed.

SMITH, J., concurring.