JIMMY ALFRED SWEATT *v.* STATE OF ARKANSAS

5629                                    473 S.W. 2d 913

Opinion delivered December 20, 1971.

*Pollard, Bethune & Cavaneau,* for appellant.

*Ray Thornton,* Attorney General; *Robert H. Crank,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant was convicted of selling or bartering LSD, a hallucinatory drug, to Robbie White, a 14-year-old boy. The jury fixed the punishment at confinement in the penitentiary for five years. For reversal the appellant argues, primarily, that the proof does not support the conviction and that the court erred in allowing the State to introduce proof of other offenses.

Robbie White's testimony was sufficient to sustain the verdict. He testified that he bought an LSD tablet from Sweatt for $3.00, on credit (though he never paid the debt). At the time Sweatt told him the the strength of the LSD tablet was 300 micrograms. Robbie said that when he took the tablet it caused him to "go on a trip" for about a day. He also said that his vision was messed up, he couldn't do things right, and he felt dead. The jury was justified in concluding from Robbie's testimony that Sweatt said that the tablet was LSD and that in fact it was.

Upon the second point the appellant is right in his contention that the court erred in permitting the State to prove other offenses committed by Sweatt. The court allowed the prosecution to introduce much testimony showing that Sweatt had had marijuana at his apartment and had sold it. In fact, as in *Moore* v. *State,* 227 Ark. 544, 299 S. W. 2d 838 (1957), the other offenses were proved in more detail than was the charge actually being tried.

Our basic rule was stated in *Alford* v. *State,* 223 Ark. 330, 266 S. W. 2d 804 (1954): "The State is not per-

mitted to adduce evidence of other offenses for the purpose of persuading the jury that the accused is a criminal and is therefore likely to be guilty of the charge under investigation. In short, proof of other crimes is never admitted when its only relevancy is to show that the prisoner is a man of bad character, addicted to crime." In the case at bar the issue for the jury was whether Sweatt had sold LSD to Robbie White. Proof that Sweatt had sold marijuana on other occasions had no relevancy except to show that Sweatt had dealt in drugs before and hence was likely to have done so again. That is precisely the type of proof that must be excluded. If Sweatt was guilty of other crimes, then, as we said in *Alford,* "each may be examined separately in a court of law, and punishment may be imposed for those established with the required certainty. In this way alone can we avoid the elements of unfair surprise and undue prejudice that necessarily attend trial by accusation in place of trial upon facts demonstrated beyond a reasonable doubt."

The appellant also argues that the court erroneously allowed the prosecutor to ask leading questions and to adduce hearsay testimony to explain the absence of a witness. Since those matters are not apt to arise upon a new trial we find it unnecessary to discuss them.

There is one other matter, however, that must be passed upon, in view of the necessity for a retrial. The court instructed the jury that Robbie White was an accomplice and that therefore his testimony alone, without corroboration, could not support a conviction. Ark. Stat. Ann. § 43-2116 (Repl. 1964).

The giving of that instruction was error, for Robbie White was not an accomplice in the selling of LSD. (There is no proof of the alternative charge, that of bartering LSD.) In *Henderson* v. *State,* 174 Ark. 835, 297 S. W. 836 (1927), we discussed at some length the general principles governing the determination of who is and who is not an accomplice. Basically, an accomplice is one who commits or aids in the commission of the crime with which the defendant is charged. From that

opinion: "An accomplice is one who could himself be convicted of the crime charged against the defendant, either as principal or accessory. That means convicted of the crime being investigated . . . The crime being investigaged in this case was the crime of possessing a still, and not the manufacture of liquor. The witness Goff was an accomplice in the manufacture of liquor, because he did work at the still and thereby aided and assisted in the manufacture of the liquor. But manufacture is a distinct crime from possession, and he did nothing, as far as the record shows, that indicated that he had any possession or control or that he did anything else except to work as a servant for the appellant.

"It is not sufficient that a witness was engaged with the person charged in an offense other than the one for which he is being tried, but the evidence, in order to make him an accomplice, must show that he aided and assisted in the particular crime charged and being investigated, and not in some other crime. [We then commented upon a Kentucky case in this language:] The person who bought the lottery ticket violated the law, but the crime of purchasing a lottery ticket was a different crime from selling a lottery ticket."

It is uniformly held that one who buys narcotics, intoxicating liquor, or other contraband is not an accomplice in the sale of the article, for obviously he is not selling to himself. As the California court rather graphically put the distinction, to be an accomplice one "must stand in the same relation to the crime as the person charged therewith and must approach it from the same direction." *People* v. *Poindexter*, 51 Cal. 2d 142, 330 P. 2d 763 (1958). A buyer and a seller certainly approach the transaction from opposite poles.

Wharton states the fundamental rule with respect to buyer and seller and then goes on to give a practical basis for the doctrine: "The person to whom narcotics are sold is not an accomplice of the defendant who is charged with selling the narcotic. Nor is the purchaser of liquor an accomplice of a defendant being prosecuted for selling such liquor. * * * The reason for holding

that the purchaser is not the accomplice of the seller is that the purchaser, if guilty of any crime, is guilty of a crime distinct from that for for which the seller is being prosecuted. As a practical consideration, any other conclusion would render it almost impossible to secure the conviction of a person charged with illegally vending intoxicating liquors, unless such sale was made in the presence of disinterested witnesses." Wharton's Criminal Evidence, § 456 (12th ed., 1955).

Directly in point are our cases holding that the purchaser of liquor being unlawfully sold is not an accomplice of the seller, where the latter is being charged with the unlawful sale. *Williams* v. *State*, 129 Ark. 344, 196 S. W. 125 (1917); *Wilson* v. *State*, 124. 477, 187 S. W. 440 (1916). We can find no significance in the fact that, when those two cases were decided, the buyers were actually guilty of no offense in making the illegal purchases. Later on, possession of such intoxicating liquor was also made an offense, C. & M. Digest § 6169 (1921), but we adhered to our rule that the purchaser was not an accomplice in the sale. *Rich* v. *State*, 176 Ark. 1205 (mem.), 2 S. W. 2d 40 (1928).

We should mention two other suggestions that were made during the discussion of the case at our conference. First, the governing statute makes it unlawful for a person to use, possess, sell, exchange, give, barter, or otherwise dispose of LSD. Ark. Stat. Ann. § 82-2110 (Supp. 1969). It was suggested that Robbie White was an accomplice because he was guilty of a separate offense denounced by the same statute: that of possessing LSD. We find no merit in that suggestion. As long as the offenses are separate, and as long as the asserted accomplice is not guilty of the principal offense on trial, it makes no difference that the accomplice was guilty of a different offense defined by the same statute. *People* v. *Stone*, 89 Cal. App. 2d 853, 202 P. 2d 333 (1949); *State* v. *Tennyson*, 212 Minn. 158, 2 N. W. 2d 833, 139 A. L. R. 987 (1942).

Secondly, it was suggested that we should regard as controlling precedents our cases holding that one

who receives stolen property is an accomplice of the thief. We adopted that view solely because we had previously held that one who is an accessory after the fact is an accomplice. Hence we found it necessary to hold that the receiver of stolen goods was an accomplice of the thief, since the former was then held to be an accessory after the fact. *Murphy* v. *State,* 130 Ark. 353, 197 S. W. 585 (1917). Moreover, as we observed in *Hester* v. *State,* 149 Ark. 625, 233 S. W. 774 (1921), one who receives stolen goods, knowing that they were stolen, "for the purpose of helping to dispose of the same," is in the attitude of an accomplice. In the language of the California court, quoted earlier, he approaches the crime from the same direction, because both participants are depriving the true owner of his property. Clearly our cases having to do with the buying and selling of intoxicating liquor are much more directly in point than those dealing with the receipt of stolen property.

We are, for the reasons stated, firmly convinced that Robbie White was not an accomplice in the selling of LSD. As Wharton, *supra,* points out, the contrary view would render it almost impossible for the State to secure convictions for the unlawful sale of drugs, untaxed liquor, or other articles that cannot lawfully be sold. We have no inclination to adopt a rule so manifestly unsound.

Reversed.

Fog  Eman, J., not participating.

Byrd, J., dissents.

Conley Byrd, Justice. I concur in the reversal, but dissent as to the portion of the opinion that holds that Robbie White was not an accomplice.

The recognized test as to whether a person is an accomplice is set forth in *Murphy Alias Carraway* v. *State,* 130 Ark. 353 (1917), in this language:

> ". . . An accomplice in the full and generally accepted legal signification of the word is one who in any manner participates in the criminality of an act, whether he is considered in strict legal propriety as a principal in the first or second degree or merely as an accessory before or after the fact."

In holding that a thief and a receiver of the stolen property were accomplices, Justice Frank Smith went on to state:

> "The opinions on this subject are more or less abstruse and deal with learning more or less ancient, but without attempting to review all these cases, we announce our conclusion to be that the receiver of stolen goods and the thief from whom he received them are accomplices within the meaning of section 2384 of Kirby's Digest, which provides that a conviction can not be had in any case of felony upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense. This view comports with the definition of an accomplice given in the case of *Polk* v. *State, supra,* and approvingly quoted in the case of *Atchison* v. *State, supra.* We think, too, that this view conforms to the spirit and reason which led to the rule of evidence enacted in this State by what is now section 2384 of Kirby's Digest. One who steals, or who knowingly receives stolen goods, is a felon, and would have the quite human desire of sharing his guilt with another, if he were so far unable to exculpate himself as that he must confess his own guilt. Men are prone to take to themselves full credit for their successes and to charge to others responsibility for their failures. So one charged with crime will likely excuse himself and escape punishment, if possible, or, if this be impossible, he will be tempted to have some one share with him the censure and condemnation attendant upon detection. To protect the innocent against such frailty of human nature, it is provided by statute that one who confesses his own guilt can not

condemn another, unless his statement is corroborated by other evidence tending to connect the person so accused with the commission of the offense confessed, and that this corroboration shall not be held sufficient if it merely shows the commission of the crime charged and the circumstances thereof."

The reason for holding that a purchaser was not an accomplice in a prosecution for sale of intoxicating liquors was stated in *Foster* v. *State,* 45 Ark. 361, 366 (1885), in this language:

"The buyer of liquor, however, is guilty of no offense under this act, although he aids in and procures the making of the sale. The statute has marked the seller as the only criminal. 'In cases of *mala prohibita,* the fact that the penalty is imposed on only one of two parties whose concurrence is requisite to the commission of the offense, and that the statute was made for the protection of the other party, who is generally regarded as the less culpable of the two, has repeatedly been considered good ground for giving the statute a construction exempting the party not named from criminal liability.' "

The case of *Rich* v. *State,* 176 Ark. 1205, 2 S. W. 2d 40 (1928), relied upon by the majority as holding the purchaser not an accomplice when he had also violated the law by purchase does not support the statement in the majority opinion. In fact C & M Digest § 6169 is not even mentioned in the opinion. Furthermore, a reading of § 6169, *supra,* shows that it only made it unlawful for one to possess beverages transported in interstate commerce at a fruit stand, bowling alley, drug store, livery stable or in any club or club room of any social or fraternal organization.

The law here in question (Ark. Stat. Ann. § 82-2110) provides:

"It shall be unlawful for any person, except as provided herein, to use, possess, have in one's pos-

> session, sell, exchange, give or attempt to give
> to another, barter or otherwise dispose of: (1) lysergic
> acid, (2) LSD (d-lysergic acid diethylamide), (3)
> DMT (N-N-dimethyltryptamine), (4) any compound,
> mixture or preparation which is physiologically
> similar to any drug listed in (1), (2) and (3) above
> in its effect on the central nervous system, or (5)
> any salt or derivative of any drug listed in (1), (2)
> and (3)."

As can be seen from the above statute the seller is not
the only criminal. In fact the user and possessor are
equally as condemned. The law could have been written
to protect the user and possessor, but it was not. Act
590 of 1971 has remedied the defeat in the foregoing
act by reducing the act of using and possession to a
misdemeanor.

For the reasons set out above, I conclude that Robbie
White was an accomplice, that the trial court properly
so instructed the jury and furthermore that there was
no competent evidence to convict the appellant. With
respect to the public policy dealing with the cor-
roboration of evidence of accomplices, I can find no
reason to require any stricter evidence to convict a thief
than to convict a drug violator. The absurdity of the
majority's distinction between the two can be demon-
strated in the case of a thief who steals drugs having
more than $35 in value and sells them to one who
knows them to be stolen. Under the majority opinion
the testimony of the purchaser would be insufficient to
convict the thief of larceny but sufficient to convict the
thief of selling drugs. Since the receiver and possessor
of the stolen drugs would be a felon under the receiving
of stolen goods act and a felon as a possessor under
the drug act, I am at a loss to explain the majority's
distinction.

For the reasons stated I respectfully dissent.