TOMMY FERGUSON *v.* STATE OF ARKANSAS

CR 73-138                                     503 S.W. 907

Opinion delivered January 21, 1974

*Donald Poe,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Alston Jennings,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was convicted by a jury of the delivery of marijuana in violation of Act 590 of 1971 as amended (Ark. Stat. Ann. § 82-2617 [Repl. 1960]). A two year sentence was assessed in the Department of Corrections. Appellant contends for reversal of the

judgment that the purchaser and other youths instrumental in the purchase of the marijuana from appellant are accomplices and, therefore, their testimony must be corroborated.

Appellant is correct in asserting that "a conviction cannot be had in any case of felony upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense." Ark. Stat. Ann. § 43-2116 (Repl. 1964), *Moore* v. *State*, 251 Ark. 436, 472 S.W. 2d 940 (1971).

In the case at bar, however, appellant's contention for reversal was determined adversely in the recent case of *Sweatt* v. *State*, 251 Ark. 650, 473 S.W. 2d 913 (1971). There we refused to classify the purchaser in an LSD sale as an accomplice of the seller. We said:

> It is uniformly held that one who buys narcotics, intoxicating liquor, or other contraband is not an accomplice in the sale of the article, for obviously he is not selling to himself. **** [t]o be an accomplice one 'must stand in the same relation to the crime as the person charged therewith and must approach it from the same direction.' A buyer and a seller certainly approach the transaction from opposite poles. ****

> The reason for holding that the purchaser is not the accomplice of the seller is that the purchaser, if guilty of any crime, is guilty of a crime distinct from that for which the seller is being prosecuted.

In the instant case neither the purchaser of the marijuana nor the other witnesses *delivered* the controlled substance. Therefore, neither could be charged with that offense. Their participation would be a separate and distinct offense, if any. Consequently, the court correctly refused to give an instruction relating to the requirement that the testimony of an accomplice or accomplices must be corroborated. An instruction must be germane to the issue.

Affirmed.

HARRIS, C.J., not participating.