CONDIT *v.* STATE.

Opinion delivered September 24, 1917.

1. LIQUOR—ILLEGAL SALE—SUFFICIENT PROOF.—The testimony of a detective, *held* sufficient to warrant the conviction of the defendant of the illegal sale of liquor.

2. LIQUOR—ILLEGAL SALE—ACT OF INTERMEDIARY.—One who acts as intermediary between the purchaser and seller, may be convicted of the crime of illegally selling intoxicating liquor.

3. LIQUOR—ILLEGAL SALE—INSTRUCTION.—An instruction telling the jury that they should convict, if they find the facts to be true, as detailed by the prosecuting witness, beyond a reasonable doubt, is not improper.

Appeal from Sebastian Circuit Court, Fort Smith District; *Paul Little,* Judge; affirmed.

*Edwin Hiner,* for appellant.

1. The testimony fails to show a sale of liquor by defendant.

2.   The court erred in giving instruction No. 3 and in refusing 1 and 2.   90 Ark. 579.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1.   The testimony shows a sale of liquor, but appellant was guilty as an intermediary.   125 Ark. 232; 105 *Id.* 462; 56 A. L. R. No. 5, 348.

2.   There is no error in the instructions given or refused.   90 Ark. 579.

HART, J.   The grand jury returned two indictments against Pete Condit for selling intoxicating liquors. Each indictment charged him with the sale of intoxicating liquors on the 28th day of May, 1917.   By agreement between the defendant and the prosecuting attorney, the two cases were consolidated and tried together.   The jury returned a verdict of guilty in each case.   From the judgment of conviction the defendant has duly prosecuted an appeal to this court.   It is agreed that the circuit court granted a new trial in one of the cases and that alleged errors in only one of the cases are involved in this appeal.

(1)   A detective was employed by the city of Fort Smith for the purpose of catching those who sold liquor there in May, 1917.   This detective, the defendant, and another person drank some liquor together in an office building in the city of Fort Smith in Sebastian County, Arkansas.   The defendant told the detective that they could purchase more liquor at a rooming house kept by Amy Cline in the city of Fort Smith.   They went to her house and the defendant was given two dollars by the detective for the purpose of buying whiskey.   The detective said the defendant was gone possibly two minutes and came back with a pint of whiskey which he set on the table; that he, the defendant, and the rooming house keeper all drank pretty freely out of it.   Both the defendant and Amy Cline, the rooming house keeper, denied that the defendant sold or delivered to the detective any quantity of whiskey at her rooming house.   They said that the detective was very drunk when he arrived at her

house and that finally the rooming house keeper threatened him with the police before she could get him to leave. The testimony of the detective, if believed by the jury, was sufficient to warrant a conviction. *Bobo* v. *State*, 105 Ark. 462, and *Williams* v. *State*, 129 Ark. 344.

(2) It is also contended by the defendant that the court erred in refusing to give the following instruction:

"2. Before the jury would be authorized to find the defendant guilty they must be satisfied from the evidence, beyond a reasonable doubt, that the defendant either sold the liquor himself or was in some way either directly or indirectly interested in the sale, if you find a sale was made."

There was no error in refusing to give this instruction. It had a tendency to confuse and mislead the jury. Where the intermediary between the purchaser and the seller is a necessary factor without whose assistance the sale could not have been consummated, he is interested in the sale in the sense of the law, whether he has any pecuniary interest or not. *Bobo* v. *State*, 105 Ark. 462; *Williams* v. *State*, 129 Ark. 344, and *Wilson* v. *State*, 130 Ark. 204.

The instruction under consideration was misleading in this respect. The jury might have gathered from it that they should not find the defendant guilty unless he was pecuniarily interested in the sale of the liquor. The court instructed the jury fully on the question of the interest of the defendant necessary to be proved to convict him in accordance with the principles of law laid down in the cases just cited.

(3) Again it is contended that the court erred in giving instruction No. 3. The instruction is as follows:

"3. On the sale that is alleged to have been made at Amy Cline's place, I charge you that if you find from the evidence in this case, beyond a reasonable doubt, that the prosecuting witness gave the defendant $2, and that the defendant took the same and left the prosecuting witness for a few minutes and then returned and delivered

to him a pint of whiskey, or any other amount, then in this event you should convict the defendant.''

The defendant contended that in this instruction the court invaded the province of the jury by expressing an opinion on the facts. We do not agree with counsel in this contention. The issue of fact in this case was simple and the instruction is hypothetical in form. It contains a statement of the facts testified to by the prosecuting witness and tells the jury if they find such facts to be true from the evidence in the case beyond a reasonable doubt, they should convict the defendant. This was not equivalent to directing a verdict nor was it a comment on the facts by the trial court. *Parker* v. *State*, 130 Ark. 234.

The judgment will be affirmed.