## BROWN *v*. STATE.

### Opinion delivered November 26, 1923.

1. INTOXICATING LIQUORS—INTEREST IN SALE.—Where. the intermediary between the purchaser and the seller is a necessary factor without whose assistance the sale of liquor could not have been consummated, he is interested in the sale in the sense of the law, whether he has any pecuniary interest therein or not.

2. CRIMINAL LAW—EVIDENCE—OBJECTION.—The competency of testimony not objected to will not be considered on appeal.

3. CRIMINAL LAW—COMPETENCY OF TESTIMONY.—In a prosecution for being interested in the sale of intoxicating liquors, testimony that defendant had stated to witness, about a year before being arrested, that he had peddled a wagonload of whiskey, was admissible.

4. CRIMINAL LAW — STATEMENT IN DEFENDANT'S PRESENCE. — In a prosecution for being interested in the sale of intoxicating liquor, in which there was testimony tending to prove that defendant acted as an intermediary between the buyer and seller of whiskey, the buyer's testimony that the seller told him, in defendant's presence, to see defendant if he wanted liquor 'and could not find the seller, was admissible to show that defendant was the seller's agent in the sale of the liquor.

5. CRIMINAL LAW—ADMISSION OF LIQUOR IN EVIDENCE.—In a prosecution for being interested in the sale of liquor, in which it was claimed that defendant had acted as agent of the seller in the sale of liquor, it was not error to admit a part of the liquor in evidence, upon its being properly identified.

6. CRIMINAL LAW—ARGUMENT OF PROSECUTING ATTORNEY—OBJECTION.—An argument of the prosecuting attorney will not be considered on appeal where the record does not show objection or exception thereto.

7. CRIMINAL LAW—OBJECTIONS TO INSTRUCTIONS NOT DESIGNATED.—Assignments of error as to instructions will not be considered where defendant failed to point out, by number or otherwise, in his motion for new trial, the instructions to which he had reference.

Appeal from Sebastian Circuit Court, Greenwood District; *John E. Tatum,* Judge; affirmed.

No brief for appellant.

*J. S. Utley,* Attorney General, *John L. Carter, Wm. T. Hammock* and *Darden Moose,* Assistants, for appellee.

HUMPHREYS, J.  Appellant was indicted, tried and convicted in the circuit court of Sebastian County, Greenwood District, under § 6160 of Crawford & Moses' Digest, for the crime of being interested in the sale of intoxicating liquor, and was adjudged to serve a term of one year in the State Penitentiary as punishment therefor.  From the judgment of conviction he has prosecuted an appeal to this court, but has not filed a brief in support of his assignments of error.

He assigned as error, in his motion for a new trial, that the verdict was contrary to both the law and the evidence.  There is substantial testimony in the record tending to show that, pursuant to an agreement, appellant met Walter Milam on the night of March 24, 1923, at the pool hall in the town of Hartford, and conducted him to the Rock Island depot, where he met a man by the name of Aydolette; that Milam paid Aydolette $2.50 for a quart of whiskey, whereupon appellant accompanied him to a nearby coal-shed and pointed the whiskey out to him; that Milam took the whiskey and delivered it to the officers, who produced a part of it at the trial for the inspection of the jury.  The law is that "where the intermediary between the purchaser and the seller is a necessary factor, without whose assistance the sale of liquor could not have been consummated, he is interested in the sense of the law, whether he has pecuniary interest or not."  *Condit* v. *State,* 130 Ark. 341; *Ellis* v. *State,* 133 Ark. 540.

He also assigned as error that the jury was influenced in arriving at its verdict by outside testimony, but there is nothing in the record to this effect.

He also assigned as error that the court permitted witness White to testify that, the day before the arrest, he had followed appellant's brother, whom he suspected of having moonshine whiskey, and who was accompanied by appellant, to a certain mountain and through the woods.  No objection was made to the introduction of this testimony, so this court cannot pass upon its competency.

*Yazoo & Miss. Valley Rd. Co.* v. *Soloman,* 123 Ark. 66; *Lisco* v. *Uhren,* 130 Ark. 111.

He also assigned as error the admission of the testimony of Walter Milam, to the effect that appellant had stated to him that, about a year before being arrested, he had peddled a wagonload of whiskey around Hartford. The issue joined was whether appellant was interested in the sale of intoxicating liquor to Walter Milam, and the statement that he had been peddling whiskey tended to throw light upon the issue, and was therefore admissible in evidence. *Austin* v. *State,* 14 Ark. 555; 10 R. C. L. p. 925.

He also assigned as error the alleged refusal of the trial court to compel Walter Milam, the chief prosecuting witness, to tell for whom he purchased the liquor and who drank it. This seems to be an assertion without foundation in fact. The record does not reflect such an occurrence, so it is unnecessary to discuss that assignment of error.

He also assigned as error the admission of the testimony of Walter Milam to the effect that the man Aydolette told him to see appellant when he wanted liquor, if he could not find him. The record reflects that this instruction was given Milam in appellant's presence. It was admissible to show that appellant was Aydolette's agent in the sale of liquor.

He also assigned as error the admission of a vial of liquor in evidence. According to the testimony of the officers, the sample of liquor introduced came out of the quart jar Walter Milam turned over to them. Walter Milam testified that he got the jar of whiskey in question, through appellant's direction, out of the coal-shed at the Rock Island depot. We think the whiskey was sufficiently identified as a part of the liquor purchased from the man Aydolette and appellant.

He also assigned as error certain arguments made by the prosecuting attorney, but the record does not reflect that he objected or saved any exceptions to them.

Lastly, he assigned as error the giving and refusing of instructions by the court, but he failed to point out, in his motion for a new trial, the instructions by number, or otherwise, to which he had reference. This should have been done so as to direct the attention of the court to the errors complained of. *Black* v. *Hogsett,* 145 Ark. 178.

No error appearing, the judgment is affirmed.