729

**COMMONWEALTH OF PENNSYLVANIA
ex rel. SCHNADER, Atty. Gen., v. FIX et
al., Collectors of Internal Revenue.**

**No. 1092.**

District Court, M. D. Pennsylvania.

Aug. 2, 1934.

William A. Schnader, Atty. Gen., and
Harris C. Arnold, Deputy Atty. Gen., for
plaintiff.

Frank J. Wideman, Asst. Atty. Gen., M.
H. Eustace, Sp. Asst. to Atty. Gen., and
Frank J. McDonnell, U. S. Atty., and Leo
G. Knoll, Asst. U. S. Atty., both of Scranton, Pa., for defendants.

WATSON, District Judge.

This case was removed to this court from
the court of common pleas of Dauphin county, Pa. The plaintiff filed a petition to remand the case to said court of common pleas.
On the petition to remand, a rule to show
cause was granted, return was made of the
rule, and a hearing has been had on the petition and rule.

The principal reason assigned by the
plaintiff in support of the rule to show cause
is that the cause is not within the jurisdiction of this court.

The bill alleges that the defendants are
collectors of internal revenue for the First,
Twelfth, and Twenty-Third revenue districts, which include the entire area of the
commonwealth of Pennsylvania; that on November 29, 1933, the state Legislature passed
an act designated as "Pennsylvania Liquor
Control Act" (47 PS Pa. § 744—1 et seq.);
that by virtue of the authority of said act
the commonwealth of Pennsylvania is engaged in the operation of Pennsylvania liquor stores, and, in connection therewith,
buys, possesses, and sells alcoholic, spirituous, vinous, and fermented liquors and other
alcoholic beverages and combinations of liquors for beverage purposes; that the plaintiff operates 239 retail liquor stores and also
five warehouses from which sales are made
at wholesale; that said Pennsylvania Liquor Control Act is an exercise of the police
power of the commonwealth of Pennsylvania
for the protection of the public welfare,
health, peace, and morals, and to prohibit the
return of the saloon; that it constitutes a
complete system for control of the importation, sale, and distribution of alcoholic liquors (except malt liquors) in the commonwealth; that the operation of said liquor
stores and warehouses by the commonwealth
is an integral part of said system or control;
that, for the supervision and management of
Pennsylvania Liquor Stores and Warehouses, and generally for the administration
of its liquor laws, plaintiff created the Pennsylvania Liquor Control Board by the act of
November 29, 1933; that the plaintiff, acting through the Pennsylvania Liquor Control Board, has employed various managers,
assistant managers, and other persons to assist in the management and operation of the
several Pennsylvania liquor stores and warehouses and of other facilities used in connection therewith; that, on January 12,
1934, the commonwealth of Pennsylvania
held and was the owner, for purposes of
sale, of approximately 1,000,000 gallons of
wines, spirits, and liquors; that the defendants, purporting to act under the revenue
laws of the United States, have demanded
that the commonwealth pay certain liquor license fees on account of each of its stores
and warehouses, and also a floor tax on liquors owned and possessed by the commonwealth on the effective date of the Federal
Liquor Taxing Act of 1934 (26 USCA §
267 et seq.); that defendants have demanded that plaintiff register and make returns as
retail and wholesale liquor dealers for purposes of special taxes, and have demanded
that plaintiff pay all of said special taxes for

its liquor stores and warehouses; that defendants have threatened to proceed to enforce against the plaintiff collection of said special taxes, and to invoke against it and its officers, agents, and employees the penalties provided by law in case plaintiff fails to make payment of the tax; that defendants have likewise notified plaintiff that they consider it liable to pay the floor tax imposed by the Liquor Taxing Act of 1934, and have declared their intention to enforce collection from and penalties against the plaintiff in case plaintiff fails to make payment of the taxes; that the plaintiff is not subject to the designated statutes of the United States and is immune from any tax imposed thereby; and that the acts of Congress which imposed such taxes do not by their terms include a state, or its officers or employees, and were not intended to do so. The bill prays for an injunction restraining the defendants from taking any steps to collect said taxes.

The plaintiff contends that section 3224, R. S. (U. S. C., title 26, § 154 [26 USCA § 154]), forbidding suits to restrain the collection of a tax applies to this case, and that this court is without jurisdiction. This is deserving of some discussion. The section referred to reads as follows: "No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

It has been held by the Supreme Court of the United States that section 3224, R. S., does not prevent an injunction in a case apparently within its terms in which some extraordinary and entirely exceptional circumstances make its provision inapplicable. Dodge v. Brady, 240 U. S. 122, 36 S. Ct. 277, 60 L. Ed. 560; Miller, Collector of Internal Revenue, v. Standard Nut Margarine Co. of Florida, 284 U. S. 498, 52 S. Ct. 260, 76 L. Ed. 422; Hill v. Wallace, 259 U. S. 44, 42 S. Ct. 453, 66 L. Ed. 822. See, also, Dodge v. Osborn, 240 U. S. 118, 36 S. Ct. 275, 60 L. Ed. 557.

The circumstances of this case are extraordinary and exceptional in several respects, among them being that the attempt is to tax a sovereign state.

The Supreme Court of the United States, in a recent case, State of Ohio v. Helvering, Commissioner, et al., 54 S. Ct. 725, 78 L. Ed. ——, May 21, 1934, is a case in no substantial respect distinguishable from the present one. The prayer of the bill was for an injunction restraining the defendants from levying and

collecting taxes on the agencies and operations of the state in the conduct of its Department of Liquor Control, and from enforcing against the state, its officers, agents, or employees, penalties for nonpayment of taxes imposed by section 3244, R. S. (USCA, title 26, § 205), and other statutes of the United States. In that case the Supreme Court retained jurisdiction, and decided the question as to the validity of the tax. In Hill v. Wallace, supra, an injunction was granted against the collection of internal revenue, restraining the collection of taxes.

It is my opinion that the provisions of section 3224, R. S., are not applicable to this case. The other reasons assigned in support of plaintiff's petition to remand are in my opinion without merit, and the prayer of the petition should be refused.

Now, August 2, 1934, the petition to remand is dismissed, and the rule to show cause is discharged.