**DRISCOLL et ux. v. JONES, Collector of Internal Revenue, et al.**

**No. 1210.**

District Court, N. D. Oklahoma.

June 29, 1937.

C. S. Fenwick, of Tulsa, Okl., for plaintiffs.

C. E. Bailey, U. S. Atty., and Chester A. Brewer, Asst. U. S. Atty., both of Tulsa, Okl., for defendants.

FRANKLIN E. KENNAMER, District Judge.

This is a suit in equity for an injunction to prevent the sale of 40 acres of land, the homestead of the plaintiffs herein, under a warrant of distraint. A motion to dismiss plaintiffs' bill has been filed, but upon the hearing evidence was presented establishing the following facts:

James C. Driscoll and his wife reside upon the 40 acres of land involved herein, and occupy the same as their home. The plaintiffs went to a still owned and

operated by one Tom Pasley, and purchased three gallons of whisky, which had been illicitly and illegally manufactured by Tom Pasley. The three gallons of whisky had been placed in the automobile of plaintiffs, for transportation, when it was seized by federal officers. The agents also seized the still, as well as other whisky, and mash. James C. Driscoll was informed against, and subsequently indicted, upon charges involving ownership and operation of the still, as well as manufacture and possession of the whisky and mash. As stated above, the still was being illegally operated and no tax had been paid upon the whisky manufactured. At the trial of the case in this court, it was established that the plaintiff had no interest or ownership in the still, and was not connected with the manufacture of the whisky, but had only purchased three gallons; his automobile was confiscated, under appropriate proceedings therefor, because of its use in transporting the whisky, and he pleaded guilty to possession of the three gallons of whisky and was sentenced upon his plea. It was established that Tom Pasley was the owner and operator of the still. A tax warrant has been issued covering an assessment for the ownership of the entire whisky seized at the still, as well as the mash, in the approximate sum of $1,000, and distraint has been made against plaintiffs. Their 40-acre homestead has been advertised for sale to satisfy the warrant. The purpose of this action is to enjoin the Collector of Internal Revenue from proceeding with the sale of the land to satisfy the tax warrant.

It was further proved that plaintiff is the head of a family and is engaged in farming; that he is not possessed of any personal property of value, and is without any funds with which to pay the assessment. It is further established that the amount of tax due upon three gallons of whisky is $6, and under the double penalty statute the amount due and owing is $12, which sum plaintiffs have tendered in satisfaction of taxes due upon the whisky purchased.

■ It is insisted by the defendants that this suit is not maintainable because of section 3224 of the Revised Statutes of the United States (26 U.S.C.A. § 1543), which prohibits the maintaining in any court of a suit for the purpose of restraining the assessment or collection of a federal tax.

The whisky involved was subject to taxation (Federal Liquor Taxing Act of 1934, 48 Stat. 313, 26 U.S.C.A. § 1150 et seq.). The rate of tax prescribed is $2 on each proof gallon. Title 1, section 4, of the Liquor Law Repeal and Enforcement Act of 1935 (27 U.S.C.A. § 153), provides that any person who shall produce, withdraw, sell, transport, or use denatured alcohol, denatured rum, or articles in violation of laws, shall be subject to the provisions of the law pertaining to alcohol, including those requiring the payment of tax thereon.

The whisky transported by plaintiff was subject to taxation, and plaintiffs have tendered the amount due in payment of the tax. They are unable to pay the $1,000 assessed against the still, and the whisky and the mash, and sue for its return. They should not be compelled to do so, because in this case the taxing authorities, the governmental agents, have litigated the question of ownership, as well as plaintiff's participation in the operation of the still and the manufacture of whisky thereat, in this court, and the Government was unsuccessful in establishing and having adjudicated that plaintiff was interested in the ownership or operation of the still, or in the ownership or possession of the whisky and mash, other than the three gallons purchased by him. The assessment of $1,000 against plaintiff is therefore arbitrary, and is in the nature of a penalty. If a case were presented involving an erroneous assessment, this court would not entertain a suit for injunction, but we are here considering a case in which the tax sought to be collected is illegal and improper, because it has been adjudicated that the plaintiff was not liable for the tax assessment covering the still, whisky, and mash. The assessment, as a matter of law, is limited to the ownership of three gallons of whisky, which as stated above, is a total of $6.

■ The Second Circuit Court of Appeals, in Jacoby v. Hoey, 86 F.(2d) 108, 109, in referring to the right of courts to enjoin the Commissioner of Internal Revenue from collecting taxes imposed by him, held that the Commissioner may not be restrained by a suit to enjoin the collection of the tax so assessed, "provided that he does not act arbitrarily or capriciously." To assess a tax against plaintiff for property not owned by him, with full knowledge of the facts, constitutes an ar-

794

bitrary assessment. The injunctive power of this court, as well as other courts of equity, may be employed to prevent arbitrary tax assessments.

■ As the assessment has been made with full knowledge of the facts concerning the want of ownership or interest of plaintiff in the still, whisky, and mash, other than the three gallons purchased by him, it clearly appears that the assessment of $1,000, if not arbitrarily and capriciously made, has been imposed as a penalty. It is well established that the provisions of the United States statute referred to above, that no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court, does not apply in the case of a penalty imposed in the guise of a tax. Regal Drug Corporation v. Wardell, 260 U.S. 386, 43 S.Ct. 152, 67 L.Ed. 318; Lipke v. Lederer, 259 U.S. 557, 42 S.Ct. 549, 66 L.Ed. 1061.

■ If the assessment had neither been arbitrarily made, nor was in fact a penalty, it has been held by the United States Supreme Court that section 3224, Rev.St. (26 U.S.C.A. § 1543), supra, does not prevent an injunction in a case apparently within its terms, where the tax is illegal and some extraordinary and exceptional circumstance makes its provision inapplicable.

This proposition was re-announced by the United States Supreme Court, in the case of Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422. The Supreme Court held, in considering section 3224, that it has never held the rule to be absolute that courts of equity will not restrain the collection of taxes, but has repeatedly indicated that extraordinary and exceptional circumstances render its provisions inapplicable. In the cited case, the tax sought to be assessed was not valid, and it was held that the plaintiff in the case had sold its product, relying upon the fact that the same was not subject to a tax, and that it had sold so much that the tax would have amounted to more than it could pay. In the instant case, there was no reliance upon any ruling, but the tax in this case is illegal in that plaintiffs are not liable for its payment, except the tax on three gallons of whisky, but, as in the cited case, the assessment involves a greater amount than plaintiffs can pay. The United States Supreme Court remarked that in the cited case the enforcement of the act would be arbitrary and oppressive, and would destroy the business of the complainant therein, ruin it financially, and inflict loss for which it would have no remedy at law. In the instant case, to require plaintiff, a farmer, living upon 40 acres of land and without other substantial assets, to pay the sum of $1,000 in taxes, which he does not owe, would be arbitrary and oppressive and would destroy his farming business, would ruin him financially, and inflict loss for which he would have no remedy at law. It does not require proof for this court to know that farmers, engaged as plaintiffs are in this case, do not earn large sums of money, and to permit the sale of their 40-acre farm for the payment of a tax which they do not owe, and which fact is known to the taxing authorities, is to deprive them of their farm, because it is highly improbable that they will ever be financially able to litigate the matter through the courts. The result would have been the same, in so far as plaintiffs are concerned, if taxes had been imposed against them for the operation of a large distillery. They are no more able to pay the illegal assessment of $1,000, than they would be able to pay an assessment of ten times that amount.

Other cases holding that a court of equity may enjoin the collection of a tax, where extraordinary and exceptional circumstances make the provision of section 3224, Rev.St. inapplicable, are: Dodge v. Brady, 240 U.S. 122, 36 S.Ct. 277, 60 L.Ed. 560; Hill v. Wallace, 259 U.S. 44, 42 S.Ct. 453, 66 L.Ed. 822; Higgins Mfg. Co. v. Page (D.C.) 20 F.(2d) 948; Commonwealth of Pennsylvania v. Fix (D.C.) 7 F.Supp. 729. Defendants in this action have cited the case of Huston v. Iowa Soap Co. (C.C.A.) 85 F.(2d) 649, in support of their defense, as containing the proposition that mere apprehension of ultimate ruin to taxpayer's business on account of the tax is not sufficient to entitle the taxpayer to injunctive relief. The cited case recognizes the exceptions, and expressly states that section 3224, Rev.St. is not as inclusive as it appears, and is not an absolute bar in every case to injunctive relief. The case held that while mere apprehension of ultimate ruin of taxpayer's business is not sufficient, still, if it appears that such ruin is so eminent that the remedy provided by law is not adequate, the tax being illegal, then injunctive relief may be had.

It appears to be well established that injunctions may issue to prevent the collection of taxes in at least three different situations, despite the inhibition contained in section 3224, Rev.St., as follows: First, where the tax is arbitrary and capricious; second, where a penalty is imposed in the guise of a tax; and, third, where the tax is illegal and exceptional and extraordinary circumstances exist. In the instant case, the assessment appears arbitrary and capricious, in that the nonliability for the payment of the tax had been adjudicated in criminal proceedings in this court; if not arbitrary and capricious, then the assessment constitutes a penalty in the guise of a tax. But, even if the case be viewed as not of an arbitrary assessment, or of a penalty, then it is a case involving an illegal tax, coupled with extraordinary circumstances.

■ This court recognizes the importance of section 3224, Rev.St. (26 U.S.C.A. § 1543), and the principle underlying the statutory requirement, and has great sympathy for it. Injunctive relief should be sparingly granted. On the other hand, farmers should be encouraged in land ownership, and illegal proceedings, even in matters of taxation, should not be permitted to drive farmers from their land. A commendable policy of the Federal Government is to encourage farming and farm ownership, and the imposition of an illegal tax, so great in amount as to deprive the plaintiffs of their homestead, when in fact they owe but $6, which they have tendered in payment, is contrary to such a policy, as well as contrary to the decisions of the Supreme Court of the United States.

It is unnecessary to consider the question of whether a homestead is subject to sale upon a distraint warrant under the Federal Liquor Taxing Act. It is insisted that since rules have been made by the Commissioner of Internal Revenue, permitting the sale of homesteads for nonpayment of federal income taxes, homesteads may be subject to sale for nonpayment of revenues due on account of manufacture or transportation of whisky. The argument, while plausible, is not conclusive, and much doubt exists as to whether such homesteads may be subject to sale; however, that question is unimportant herein because injunctive relief may be granted to prevent the sale of the land involved, for the reasons and upon the authorities referred to herein.

It may be here observed that the homestead under article 12, sections 1 and 2, of the Oklahoma Constitution, is reserved to the family and protected from forced sale. It is a protection granted to the family, and not the head of the family alone.

It is provided in section 1223, O.S. 1931 (58 Okl.St.Ann. § 311), that upon the death of either the husband or wife the survivor may continue to possess and occupy the whole homestead, and in the event of the death of both husband and wife the children may continue to occupy and use such homestead until the youngest child reaches its majority. The wife and children have a vested interest in such homestead. It would seem that to permit the defendants to proceed to the sale of this 40 acre homestead and thereby remove therefrom the wife and two minor children because the husband violated the law in reference to three gallons of whisky would sanction a most arbitrary and unusual proceeding.

The motion to dismiss the bill is overruled, and the District Attorney having announced that the defendants do not care to plead further, and that the case may be finally disposed of upon the record as made, a decree may be entered enjoining the defendants from proceeding with the sale of the property involved in this action.