## DOUGHERTY v. LEWIS, former Collector of Internal Revenue.

### No. 20425–R.

District Court, N. D. California, S. D. Aug. 8, 1939.

---

622

Faulkner & O'Connor, of San Francisco, Cal., for plaintiff.

Frank J. Hennessy, U. S. Atty., and Wilbur F. Mathewson, Asst. U. S. Atty., both of San Francisco, Cal., for defendant.

ROCHE, District Judge.

This is a civil action against a Collector of Internal Revenue for the recovery of taxes and interest paid under protest by plaintiff. The defendant, hereafter called the Collector, relies upon section 3251 of the Revised Statutes of the United States (26 U.S.C.A. § 1150(d), for his assessment and collection of taxes and interest from plaintiff. The applicable portion of section 3251 reads as follows: "Every proprietor or possessor of, and every person in any manner interested in the use of, any still, distillery, or distilling apparatus, shall be jointly and severally liable for the taxes imposed by law on the distilled spirits produced therefrom."

Plaintiff, the lessee of a sixteen hundred acre ranch, in 1934 sublet twenty acres on the south west side of his residence to certain individuals, who utilized a barn on the rented property—and within 200 feet of plaintiff's house—for the illegal operation of a still. At the trial, a written agreement was submitted in evidence to show that the sublessees were to pay plaintiff an annual rental of $400; but testimony was likewise produced by the parties to the agreement that plaintiff was to receive $125 per month for the use of his premises. Furthermore, proof was presented to show that plaintiff was fully aware of the use to which his property was being put and that he permitted such use despite its illegality. In 1935 the sublessees were apprehended for their violation of the internal revenue laws on plaintiff's premises. The Collector, upon discovering the relationship of plaintiff to the liquor traffic, invoked section 3251 of the Revenue Statutes, quoted above, and assessed him for the distilled spirits produced on his leased property. Plaintiff denied, and continues to deny, liability. The Collector, while not urging that plaintiff is a "proprietor or possessor of" a still, contends that he is a person interested in the use of a still, distillery or distilling apparatus. Evidence at the trial was limited to this single issue. The question before the court is this: Has plaintiff, through his conduct and relationship with men engaged in the operation of a still on plaintiff's premises, shown himself to be "in any manner interested in the use of any still"?

Section 3251 of the Revised Statutes of the United States was made a part of the revenue laws in order to prevent fraud against the government. It is to be construed so as to accomplish the intention of the legislature. United States v. Wolters, 1891, C.C., 46 F. 509, 510. When the internal revenue laws were passed in 1868, Congress deemed it advisable to make liable persons other than proprietors and possessors of stills in order to curb completely the illicit liquor business. Hence the inclusion of "every person in any manner interested". The cases construing this language are few in number. Decisions, such as United States v. Wolters, above, which hold that stockholders of corporations are "interested", do not assist the court in the problem now before it, nor does the state ruling in Brown v. State, 1923, 161 Ark. 253, 255 S.W. 878, which holds that an intermediary to a liquor transaction is "interested"—unless plaintiff's acquiescence and negative activities on the premises can be said to make him an intermediary. United States v. Dellaro, 1938, 2 Cir., 99 F.2d 781, holds that acquiescence does not make such an individual a criminal accessory, but is merely indicative of an interest.

The only ruling on a set of facts which come close to paralleling those in the case at bar may be found in the jury trial of United States v. Van Slyke, 1878,

28 Fed.Cas. p. 363, No. 16,610. In the Van Slyke case the owner of premises used for the distillation of liquor was being sued for taxes. Under these circumstances the court instructed the jury that the interest of a secret partner was necessary before the defendant might be held liable. Such an instruction appears to set too high a standard for the government to comply with in order to make section 3251 workable in the case at bar. Yet it may have been justified under the facts of the Van Slyke case, for it appears from the report that the defendant may have had no knowledge of what was going on, but was merely acting as a landlord. In speaking of the importance of knowledge on the part of the defendant and its affect on "interest" the court instructed the jury: "But his knowledge, if he had such knowledge, that the distillery was being run contrary to law and that the taxes were not being paid, and his conduct in relation thereto, are all to be considered as part of the evidence in this case, and it is for you to say how far they bear upon the question of his interest in the distillery business."

Such language, when taken with the original standards set by the court, would indicate that profit taking, with knowledge of the source of the profits, constitutes the taker a man with the kind of interest required by section 3251 of the Revised Statutes of the United States, and that such a man would be liable for taxes. In the case before the court, the issue of secret partnership has not been raised, but ample proof has been presented to show that the plaintiff was well aware of the source of his rental, and that he clearly benefited by reason of his interest in the enterprise. A review of all the evidence on the subject of rental payments convinces the court that the amount received by plaintiff far exceeded the sum which might be earned in a legitimate farming enterprise. Plaintiff's knowledge, plus his monetary compensation for permitting the liquor business to be operated on his premises, together give rise to an interest in plaintiff within the meaning of the language contained in section 3251.

Upon due consideration of the entire case, the court finds that plaintiff is not entitled to recover taxes and interest paid under protest. Judgment will be entered in favor of the Collector, together with the costs of this action.