**LEONARDI v. GOLDBERG et al.**

Civ. C–281.

District Court, D. New Jersey.

Dec. 10, 1941.

Angelo A. DePersia, of Camden, N. J., for plaintiff.

Charles M. Phillips, U. S. Atty., of Trenton, N. J., and W. Orvyl Schalick, Asst. U. S. Atty., of Camden, N. J., for defendants.

AVIS, District Judge.

The complaint in this case sets forth the making of an assessment for taxes based upon the possession of illicit liquor or, at least, the claimed interest of plaintiff in certain distilled spirits alleged to have been found on her farm; the making and execution of a distraint on the farm property; and the advertisement of the same for sale to satisfy the government lien. The complaint charges the illegality of the assessment and asks that the revenue collector and his deputy be permanently restrained from the collection of the claimed tax.

Application for temporary restraint was made soon after the filing of the complaint, and, after consideration thereof, I restrained the sale of the property until final hearing. The memorandum granting such restraint was filed March 12, 1940, and in it I discussed the reasons raised by the United States Attorney and disposed of questions of law in that memorandum.

█ The facts now proven show clearly that, although Mrs. Leonardi may have some small equity in the farm she owns, she cannot raise the money to pay the taxes, and the sale of the farm would take away her opportunity to support herself and her children. I am adhering to the law stated in the aforesaid memorandum as applicable to the facts brought out on final hearing. I still believe that plaintiff does not have an adequate remedy at law; that the Court is not precluded from entering judgment for plaintiff by reason of section 3224 of the Revised Statutes, 26 U.S.C.A. Int.Rev.Code, § 3653(a), and that restraint may be granted as against the defendants named without requiring the United States to be made a party.

The facts:

They are clear—Mrs. Leonardi owned a farm in Gloucester county, New Jersey; she rented a portion of it, including a building of some character, to some one who established an illicit still thereon upon the assertion that they expected to produce Javelle water for laundry purposes. She testified that she was to receive as rent $10 per week, and that she was not aware that a still had been erected on her place until it was seized by United States officers. She further stated that she was not in any manner interested in the use thereof.

The agents of the Alcohol Tax Unit seized the still and at the same time took into possession 3,896.35 gallons of distilled spirits. On this an assessment of tax was made against Mrs. Leonardi and others in the amount of $4,285.98. The collector seized $694.08 belonging to plaintiff on deposit in the Swedesboro Trust Company, leaving a balance claimed to be

due of $3,591.90, besides interest and penalties. The seizure of the real estate and its advertisement for sale followed.

Conclusions:

The question involved pertains to whether Mrs. Leonardi was "in any manner interested in the use of, any still, distillery, or disstilling apparatus". See 26 U.S.C.A. Int.Rev.Code, § 2800(d). She denies that she was, and the only fact relied upon is that she rented the building and land for $10 per week and that she lived about 90 feet from the place where the still was erected and operated.

I think this is not enough to make her liable for the assessment.

An early case involving somewhat similar facts is that of United States v. Van Slyke, C.C., 28 Fed.Cas. page 363, No. 16,610, 8 Biss. 227, in which the judge charging the law to a jury, in effect, said that a lessor could not be held liable under a tax similarly levied; that in order to hold a person liable as being interested in the use of a still a direct interest in the business must be shown, and that knowledge by defendant that illicit spirits were being manufactured on the premises did not render him liable for a tax.

I am inclined to believe that that principle is somewhat conservative and is not a sufficiently liberal interpretation of the statute. However, so far as I have been able to discover, the only case modifying the principle therein stated is that of Dougherty v. Lewis, D.C., 28 F.Supp. 621, and in this later case the court sustained the tax by reason of the fact that the lessor was to receive as rent the sum of $125 per month, an amount greatly in excess of the actual value, and further that he was fully aware of the use to which his property was to be put and that he permitted such use despite its illegality. This decision was affirmed in 9 Cir., 115 F.2d 478.

The judgment will be for plaintiff restraining the defendants from proceeding with the sale and directing a cancellation of the lien filed.