LONG v. KELLY, Deputy Collector of Internal Revenue et al.

No. 224–E.

United States District Court.
M. D. Alabama, E. D.

Aug. 13, 1951.

Joseph W. Bunkley, of Opelika, Ala., for plaintiff.

E. Burns Parker, U. S. Atty., Ben Hardeman, Asst. U. S. Atty., Montgomery, Ala., and Frederic G. Rita, Special Asst., for defendant.

CHARLES B. KENNAMER, District Judge.

## Findings of Fact

1. On or about December 3, 1949, a still was raided in Russell County, Alabama, resulting in the arrest of four colored men. The men were questioned in the Russell County jail and affidavits obtained implicating the plaintiff and Harrison Hollis as being connected with the still. The two men were indicted and tried before this Court sitting in Opelika, Alabama, on November 9, 1949. The four colored men were the Government's witnesses and upon the trial repudiated the affidavits previously given. The Government then dismissed its case against the plaintiff.

2. The Collector of Internal Revenue, Birmingham, Alabama, assessed the plaintiff $2,745 plus $137.25 penalty on the February, 1950, Distilled Spirits List, page B–1, line 7, and by letter informed the plaintiff that the Civil and Criminal phases of the case were "entirely separate and distinct."

3. Testimony of the plaintiff as a witness showed plainly that he never had any connection with the still found in Russell County or had anything to do with the whiskey produced therefrom. He testified that he was unable to pay the warrant of distraint and that if every thing he possessed were sold he did not believe that the warrant could be paid, and that he was unable to provide a home for his family other than the home in which he then lived.

4. C. W. Petts, produced as a witness by the defendants, testified that he took the affidavits of the colored men which implicated the plaintiff. The affidavits were introduced as being the evidence upon which the Collector based the assessment.

5. The plaintiff called the colored men in rebuttal and upon the witness stand their affidavits implicating the plaintiff were again repudiated.

## Conclusions of Law

The evidence in the case connecting the plaintiff with any whiskey as a basis for the tax was fully and completely repudiated in the criminal trial and also at the present trial. There being no reasonable basis for the assessment of the tax, the assessment was arbitrarily and capriciously imposed. Counsel for defendants insisted that the district court lacked jurisdiction in these cases and in argument on motion to dismiss cited Burke v. Mingori, 10 Cir. 128 F.2d 986. This case held that there were no extraordinary circumstances and relief was denied. Driscoll v. Jones, D.C. 19 F.Supp. 792, Leonardi v. Goldburg, D.C., 76 F.Supp. 747, and Strang v. Maloney D.C.N.J. Jan. 15, 1943, 32 AFTR 1737, are almost identical to the present case in that the plaintiffs had been tried and acquitted but later were assessed a tax by the Collector of Internal Revenue. The plaintiffs were unable to pay and sue for recovery. The Courts held the inability to pay sufficient as extraordinary circumstances. The facts are the same in the instant case. The Court in Strang v. Maloney, supra, said in regard to defendants denial of jurisdiction of the Court: I disagree with the contention made for the defendant. The conditions, I believe, create a situation which does not prevent an injunction in a case apparently within its terms, where the tax is illegal and some extraordinary and exceptional circumstances make its provisions inapplicable. See cases cited in Note 34, 26 U.S.C.A. § 3653, and, also, especially: Long v. Rasmussen &c., D.C., 281 F. 236; Owensboro Ditcher & Grader Co. v. Lucas, Collector, &c., D.C., 18 F.2d 798, 802; Trinacia Real Estate Co., Inc. v. Clarke, Collector, &c., D.C., 34 F.2d 325, 328; Regents of University System of Georgia v. Page, 5 Cir., 81 F.2d 577; Allen, Collector, &c., v. Regents of the University System of Georgia, 304 U.S. 439, 445, 58 S.Ct. 980, 82 L.Ed. 1448.

While there are two lines of cases on whether the Court has jurisdiction in such cases, the better view seems that the Court has jurisdiction. The Court having jurisdiction the evidence sustains the allegations that the tax was a penalty in the guise of a tax, that the assessment was arbitrarily and capriciously imposed, or if the tax was not a penalty, then it was illegal and there are exceptional circumstances that allow relief.

## Judgment

It is ordered, adjudged and decreed by this Court that the defendants are permanently restrained from proceeding to sell the home of the plaintiff; that the plaintiff is not liable for the tax for distilled spirits for which a warrant of distraint has issued.

It is further ordered, adjudged and decreed by this Court that the defendants mark void the assessment of tax for distilled spirits against the plaintiff in the record of Federal Tax liens in the office of the Judge of Probate, Russell County, Alabama.