The JEWEL SHOP OF ABBEVILLE, SOUTH CAROLINA, Appellant,

v.

R. C. PITTS, Acting Collector of Internal Revenue, Appellee.

No. 6910.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 11, 1955.

Decided Feb. 3, 1955.

J. Alex Neely, Jr., Anderson, S. C. (H. B. Moorhead, Anderson, S. C., on brief), for appellant.

Carolyn R. Just, Sp. Asst. to Atty. Gen., Washington, D. C. (H. Brian Hol-

land, Asst. Atty. Gen., Ellis N. Slack and A. F. Prescott, Sp. Assts. to Atty. Gen., Washington, D. C., Joseph E. Hines, U. S. Atty., Spartanburg, S. C., and W. A. Bull, Asst. U. S. Atty., Greenville, S. C., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This suit was brought by the Jewel Shop of Abbeville, a South Carolina corporation, to secure an injunction prohibiting the Collector of Internal Revenue for the South Carolina District of the United States from collecting by distraint or otherwise, excise taxes on the sale of goods, with fraud penalties and interest, for the years ending on June 30 in 1947, 1948 and 1949 respectively, as assessed by the Commissioner of Internal Revenue. The taxpayer also prayed that the court determine the amount of the excise tax, income tax, penalties and interest, if any, due by the taxpayer to the United States, and that the court appoint a receiver to take over the assets and operate the business of the taxpayer *pendente lite*. A proceeding involving the taxpayer's income tax liability for the three taxable years was then pending in the Tax Court and was continued pending the outcome of the instant suit.

The prayer for injunction was based on allegations of the complaint that the taxpayer owed no excise taxes for the years in question and had not defrauded the United States, and that the proposed assessment of taxes by the Collector would deny the taxpayer the opportunity to contest the taxes since the taxpayer was unable to give bond for a stay, and that the enforcement of the assessment would result in the destruction of the good will and the sacrifice of the physical assets of the corporation.

The Collector filed a motion to dismiss the suit on the ground that the court was without jurisdiction to enjoin the collection of the taxes because it is provided by statute, 26 U.S.C. § 3653(a), that with certain exceptions not here relevant, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court; but the court denied the motion, issued an injunction *pendente lite* and appointed a receiver with power to preserve the property and collect the accounts receivable of the corporation, but without power to operate the business.

The receiver was also appointed as special master with power to hear all questions of law and fact, and to determine all equities and taxes, penalties and interest due by and between the parties. The special master held hearings and took testimony at which witnesses on both sides were introduced and it was brought out that the books and records of the taxpayer were inadequate; that there were discrepancies between the taxpayer's bank accounts and its records of sale; that there were numerous alterations in the books as to the cost of goods which could not be satisfactorily explained, and that shipments of merchandise without payment of tax were made from the taxpayer's Abbeville store to jewelry stores in other cities owned by corporations in which stockholders of the taxpayer corporation were interested, and that the most active official in charge of the taxpayer's business had misappropriated a large sum of money on unreported sales from one of said stores.

From all the testimony and evidence in the case the special master found that the books and records of the taxpayer were inadequate for the purpose of preparing accurate returns and did not correctly reflect the sales of the business. He further held that the method used by the Commissioner in computing the sales and excise tax was reasonably proper and appropriate; and that the sales were understated on the taxpayer's returns so that the taxpayer was guilty of fraud, with intent to evade the taxes.

The special master reached the conclusions of law that the court was without jurisdiction to adjudicate the income tax liabilities of the plaintiff, that

the assessment of the deficiency of excise tax and penalties was proper, and that the order restraining the Collector from collecting the taxes, penalties and interest should be set aside and that the complaint should be dismissed. The District Court by order adopted the findings of fact and conclusions of law of the special master. The taxpayer has appealed from this order, and also from a subsequent order denying the taxpayer's motion to require the receiver to pay the expenses of the appeal.

■■ We think that the procedure of the District Court cannot be sustained for the reason that the court was without power to issue the injunction or to determine the amount of either the excise taxes or income tax under the circumstances of the case. In a number of decisions we have had occasion to discuss the underlying philosophy of the federal statutes which deny to the courts the power to restrain the assessment or collection of federal taxes and provide a complete system of corrective justice in regard to all taxes imposed by the federal government. See Milliken v. Gill, 4 Cir., 211 F.2d 869; Shelton v. Gill, 4 Cir., 202 F.2d 503; Yoke v. Mazzello, 4 Cir., 202 F.2d 508. The statute prohibiting interference by the courts in tax matters may be relaxed in particular cases under extraordinary and entirely exceptional circumstances, but as we have held, a claim on the part of the taxpayer that he does not owe a tax, or that it has been illegally and improperly assessed, or that the collection of the tax will result in hardship, does not constitute ground for the issuance of an injunction. If it were not so, the whole scheme of federal tax enforcement would be frustrated. This is demonstrated in the pending case by the conclusion of the court based on the testimony that the taxpayer had suffered no wrong at the hands of the government.

■ The court in the pending case had the power to entertain the suit of the taxpayer for an injunction in order to determine whether there were extraordinary circumstances justifying the relief, but under the allegations of the complaint he should have granted the motion of the Collector to dismiss. The final orders of the District Court setting aside the injunction restraining the collector from proceeding with the collection of the excise tax and refusing to order the receiver to pay the expenses of this appeal were correct. The conclusion of the court that it was without power to adjudicate the income tax liability of the taxpayer was also correct; but the order of the court must be reversed insofar as it relates to the appointment of the receiver and purports to determine the amount of the excise and income taxes due. The case will be remanded to the District Court with direction to revoke the appointment of the receiver after an accounting, and to dismiss the complaint without prejudice to the right of the taxpayer to litigate its tax obligations in a proper forum.

Modified.