Birdie R. **HUDSON**, Appellant,

v.

Stuart L. **CRENSHAW**, Collector of Internal Revenue, United States of America for the Eastern District of Virginia, Appellee.

No. 7015.

United States Court of Appeals
Fourth Circuit.

Argued June 22, 1955.

Decided July 18, 1955.

Edwin C. Kellam, Norfolk, Va., for appellant.

Louise Foster, Spe. Asst. to the Atty. Gen. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Spe. Asst. to the Atty. Gen., and L. S. Parsons, Jr., U. S. Atty., Norfolk, Va., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

This appeal is taken by Birdie R. Hudson from an order of the District Court dismissing a suit instituted to obtain the removal from the records in the Circuit Court of Princess Anne County, Virginia, and the Corporation Court of the City of Norfolk, Virginia, of a lien for taxes on distilled spirits in favor of the United States against appellant in the sum of $2,448.27 plus penalties amounting to $122.41; and to secure the release of appellant's bank account in the Southern Bank of Norfolk from an attachment levied against it; and to enjoin the Collector of Internal Revenue from further proceeding against him. The tax was assessed by the Commissioner of Internal Revenue in 1951, pursuant to the provisions of § 2800 of the Internal Revenue Code of 1939, 26 U.S.C. § 2800, which concern the tax on distilled spirits.

The facts as shown by the pleadings and affadavits filed in the case are that on February 19, 1951, the then Collector of Internal Revenue for the District of Virginia, appellee, received an assessment list from the Commissioner of Internal Revenue assessing a distilled spirits tax at $9.00 per gallon against Birdie R. Hudson, Louis W. Sattlethight, Roosevelt Womack, Roy M. Alexander and Willie McCoy. On February 27, 1951, the Collector made demand for the payment of $2,448.27 upon the appellant and the other joint and several assessees named in the assessment list. Notice of the lien was then docketed in the Circuit Court for Princess Anne County and in the Corporation Court of Norfolk; in addition, an attachment was levied against appellant's bank account in the Southern Bank of Norfolk.

Appellant's petition, as amended, alleges that he has never operated nor been interested in the use of any still, distillery, or distilling apparatus; that assessment of the tax was made without any basis or foundation in law or fact; that the liens asserted thereunder constitute arbitrary and illegal acts on the part of the Collector; that the assessment charges appellant with the commission of a crime, and, in effect, is not a tax but a penalty. A motion to dismiss filed on behalf of the Collector was denied and leave was given him to file an answer. The answer did not set forth any facts tending to show why the assessment had been made other than that it was a tax on distilled spirits, and that the customary

procedure in such matters had been followed. The Government then moved for a summary judgment on the ground that the proceeding is an action to enjoin the collection of a tax which is prohibited by § 3653(a) of the Internal Revenue Code of 1939, 26 U.S.C. § 3653(a).[1]

At the hearing on the motion appellant filed an affidavit setting forth certain facts which shed some light on the reason for the assessment. These facts are as follows: Birdie R. Hudson, appellant, was engaged in the business of barbecuing and selling pork; on July 24, 1948 he loaned his truck to one of his employees, Willie McCoy, the latter in turn loaned the truck to one Roosevelt Womack who, with another, was apprehended while transporting illicit liquor in the vehicle. Womack and his companion were convicted of the violation but appellant was not charged with any crime in connection therewith.

The law is well settled that to enjoin the Collector and thus take the case outside the prohibition of the statute, § 3653(a), extraordinary and exceptional circumstances must be found. The District Court could not find such facts in the present case and the Government's motion for summary judgment was granted. We are of the opinion that this action was correct.

The contention that the assessment has no factual basis and is, therefore, arbitrary and capricious, is equivalent to saying that the taxpayer does not owe the tax and that therefore the assessment is illegal. The courts have held on innumerable occasions that the injunctive relief prohibited by § 3653(a) should not be granted solely because the taxpayer denies liability. See Milliken v. Gill, 4 Cir., 211 F.2d 869, certiorari denied 348 U.S. 827, 75 S.Ct. 47; for a thorough discussion of the problem in this regard also see Jewel Shop of Abbeville, South Carolina v. Pitts, 4 Cir., 218 F.2d 692. In the former case this court said in 211 F.2d at page 873: " * * * Neither the fact that appellants claim that they do not owe the tax, nor that it has been illegally and improperly assessed against them is any ground for granting the injunction. * * *" Shoud relief be granted in such a case the obvious purpose of the statute would be thwarted, and the propriety of a tax would have to be determined in every contested case before the tax was paid. Congress, to facilitate the obtaining of revenue for the Government, intended that this issue should be decided by a court in a suit for refund by the taxpayer after the tax had been paid and not before.

As mentioned before only where extraordinary and exceptional circumstances are present will the collection of the tax be enjoined. This court has had occasion to so rule in Shelton v. Gill, 4 Cir., 202 F.2d 503, and in Yoke v. Mazzello, 4 Cir., 202 F.2d 508. In the Shelton case a transferee, who was a purchaser for value, was threatened with the loss of his business through the collection of a tax owed by the transferor, which had been improperly assessed against the transferee; and in the Yoke case where a jeopardy assessment had been levied, the Collector abused his discretion by refusing to accept a bond with personal sureties owning unincumbered properties worth in excess of double the amount of the assessment.

The extraordinary circumstances relied on in this case are that the assessment is unfounded in law and fact and that it charges the appellant with the commission of crime to the injury of his good name; but it is not the function of this

---

1. "§ 3653. Prohibition of suits to restrain assessment or collection

"(a) Tax. Except as provided in sections 272(a), 871(a) and 1012(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

It is argued on behalf of appellant that this is not a suit to enjoin the assessment or collection of a tax, but merely a petition to require the removal of the lien. This argument is without merit. The effect in either case would be the same; and, if appellant cannot directly enjoin the assessment or collection of the tax, he cannot be allowed to do it indirectly.

court to determine the validity of the assessment at this time and the denial of the same cannot, alone, justify the injunction. The fact that the assessment charges the commission of a crime and may affect his reputation unfavorably is regrettable but it does not amount to such an extraordinary circumstance as to warrant the granting of an injunction. If this were the law the prohibition of § 3653(a) could be ignored in almost every case involving an assessment of a tax on distilled spirits, at least to the extent that courts would have to decide the merits of the tax question following a petition for injunction.

Appellant urges that this court follow the cases of Driscoll v. Jones, D.C.Okl., 19 F.Supp. 792, and Long v. Kelly, D.C. Ala., 100 F.Supp. 235. In each case an injunction was obtained restraining the collection of a tax on distilled spirits. The complainants, however, had been acquitted of the criminal charge of illegally manufacturing liquors. In the present case there has been no such determination of appellant's innocence. Furthermore, without approving the above cited cases, it should be noted that both taxpayers were confronted with the loss of their homes should the tax be collected.

The present decision finds support in Larson v. House, 5 Cir., 112 F.2d 930, and Burke v. Mingori, 10 Cir., 128 F. 2d 996, certiorari denied Mingori v. Broderick, 317 U.S. 662, 63 S.Ct. 64, 87 L.Ed. 533. Each case involved a tax on distilled spirits and the injunction was denied. In the former the taxpayer had been acquitted in a criminal case arising from the same facts, while in the latter he denied ever having engaged in the liquor business. As the court so aptly said in the Burke case, 128 F.2d at page 997, " * * * the Commissioner determined that they had been interested in the manufacture of such spirits. They deny any such interest and therefore assert that they are not liable for the tax. It may be that they did not have the interest and hence are not liable for the tax. But that issue of fact is subject to judicial determination only in a suit for refund. It cannot be adjudicated in an action to enjoin the Collector from collecting the tax."

■ Whether or not appellant actually owes the tax is not now decided. The denial of the injunction is affirmed because there are no exceptional circumstances present requiring the court to give relief, and the remedy at law—pay the tax and sue to recover it—is adequate.

■ The final contention that the assessment was not for taxes but for a penalty is also without merit. The authorities have almost uniformly held that the assessment on distilled spirits levied under § 2800 constitutes a tax rather than a penalty. See Burke v. Mingori, supra; Ferroni v. United States, 7 Cir., 53 F.2d 1013, certiorari denied 285 U.S. 543, 52 S.Ct. 395, 76 L.Ed. 935; United States v. United States Industrial Alcohol Co., 4 Cir., 103 F.2d 97; and Harvey v. Early, 4 Cir., 160 F.2d 836.

The judgment of the District Court is Affirmed.