Lorenzo McCoy PEELE, Plaintiff,

v.

Clifford W. GLOTZBACH, as District Director of Internal Revenue of the United States, Defendant.

Civ. A. No. 2508.

United States District Court
E. D. Virginia,
Norfolk Division.

Oct. 24, 1958.

Woodward, Ferguson & Davis, Suffolk, Va., Thos. L. Woodward and William F. Davis, Suffolk, Va., for plaintiff.

L. S. Parsons, Jr., U. S. Atty., Norfolk, Va., John M. Hollis, Asst. U. S. Atty., Norfolk, Va., for defendant.

WALTER E. HOFFMAN, District Judge.

In this action instituted against the District Director of Internal Revenue, plaintiff seeks a permanent injunction restraining defendant from in any man-

ner proceeding in the collection, enforcement, or distraint of certain taxes, penalties and interest allegedly illegally assessed against plaintiff, and requesting that the assessment be declared void and expunged from the records of the state court where the assessment is recorded. In effect, plaintiff asks that he be forever relieved of the assessment and the tax incident thereto.

We are met at the threshold with a motion to dismiss alleging (1) lack of jurisdiction, (2) that the action to enjoin the collection of taxes is prohibited by § 7421 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7421, (3) the complaint fails to state facts upon which relief can be granted, and (4) the plaintiff has an adequate remedy at law.

Accepting the complaint as filed, there is no justification to grant the requested relief. The disputed assessment is for the possession of distilled spirits and alcohol in mash. The complaint alleges that plaintiff tendered a plea of guilty in this Court on the criminal charges arising out of this transaction, but now insists that he was not in fact guilty and acted accordingly only on the advice of his counsel. Plaintiff is a farmer with a large family and financially unable to pay the taxes assessed and thereafter sue for a refund. He states that no claims for abatement of taxes are ever allowed, and that he is without funds with which to prosecute his case in the tax court or any other tribunal. The complaint does state that plaintiff's father offered defendant the sum of $500 in full settlement, satisfaction, and discharge of the allegedly illegal tax assessment against plaintiff, but that defendant refused this offer. Plaintiff now disavows any connection with illegal whiskey, mash, commodities, or other distilling apparatus, despite his plea to the contrary in the criminal proceeding.

■ Section 7421 of the Internal Revenue Code of 1954 provides that, subject to exceptions not here applicable, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court". Only in situations where the illegality of an exaction in the guise of a tax is clearly shown *and* "special and extraordinary circumstances" are sufficient to bring the case within an acknowledged head of equity jurisprudence, may an injunction suit be maintained. Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422; In re State Railroad Tax Cases, 92 U.S. 575, 23 L.Ed. 663.

■■ The allegation that the assessment is illegal and void because plaintiff had no control over, nor was he in possession or custody of, the whiskey and mash raises an issue of fact not properly before the Court at this stage of the proceeding. Jewell Shop of Abbeville, South Carolina v. Pitts, 4 Cir., 218 F.2d 692; Hudson v. Crenshaw, 4 Cir., 224 F.2d 324; Milliken v. Gill, 4 Cir., 211 F.2d 869, certiorari denied 348 U.S. 827, 75 S.Ct. 47, 99 L.Ed. 652. Nor can plaintiff again litigate his guilt in the criminal proceeding. Certainly this plea, voluntarily tendered even though with the advice of counsel, raises a presumption as to the correctness of the facts underlying the assessment. United States v. Wainer, 7 Cir., 211 F.2d 669; Local 167 etc. v. United States, 291 U.S. 293, 54 S.Ct. 396, 78 L.Ed. 804. Plaintiff relies upon Driscoll v. Jones, D.C., 19 F.Supp. 792, and Long v. Kelly, D.C., 100 F.Supp. 235. In these cases injunctions were granted but plaintiffs had been acquitted of the criminal charges of illegally manufacturing whiskey. In the present case there has been no such determination of the plaintiff's innocence— in fact, his plea of guilty tends to speak for itself. Furthermore, the Driscoll and Long cases are of doubtful value in this circuit. See Hudson v. Crenshaw, supra.

The fact that plaintiff is financially unable to pay tax and sue for a refund does not constitute "special and extraordinary circumstances" sufficient to justify injunctive relief. Burke v. Mingori, 10 Cir., 128 F.2d 996, certiorari denied 317 U.S. 662, 63 S.Ct. 64, 87 L.Ed. 533; Lloyd v. Patterson, 5 Cir., 242 F.2d 742; Milliken v. Gill, 4 Cir., 211 F.2d 869, certiorari denied 348 U.S.

827, 75 S.Ct. 47, 99 L.Ed. 652. Indeed, it could be argued, if necessary, that plaintiff could proceed in the tax court with the funds which his father volunteered to give in settlement of the allegedly illegal tax. If the tax is so obviously illegal, the sum of $500 should be sufficient for plaintiff to successfully litigate the issues and prevail.

To such extent that this action seeks relief by way of declaratory judgment, the same answer must be given. The action cannot be maintained. Wilson v. Wilson, 4 Cir., 141 F.2d 599.

Clearly distinguishable on the facts are Yoke v. Mazzello, 4 Cir., 202 F.2d 508, and Shelton v. Gill, 4 Cir., 202 F.2d 503. The "special and extraordinary circumstances" therein shown are not existing in the case at bar.

Counsel for defendant will prepare an appropriate order sustaining the motion to dismiss and, after presentation to counsel for plaintiff for inspection and endorsement, present the same for entry.