THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* HICKOCK OF PUERTO RICO, INC., Defendant and Appellant.

No. 15927. Argued April 5, 1955.—Decided June 14, 1955.

*Joshua Hellinger* for appellant.   *José Trías Monge, Attorney General, Rafael L. Ydrach Yordán* and *Ramón Olivo Nieves, Fiscal* and *Assistant Fiscal of the Supreme Court,* for appellee.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Hickock of Puerto Rico, Inc. was accused of violating §§ 25 and 41 of the Law of Corporations of Puerto Rico in that "being a private corporation, organized under the laws of the Commonwealth of Puerto Rico, it unlawfully, voluntarily, criminally and without legal excuse, failed to file in the office of the Secretary of the Treasury of Puerto Rico, on or before March 15, 1954, the annual report required by §§ 25 and 41 of the Law of Corporations of Puerto Rico." After the corresponding trial the corporation was found guilty and ordered to pay $500 fine and costs. Feeling aggrieved it appealed to this Court.

■■ In its first assignment it charges the trial court with error in holding that the Secretary of the Treasury, as a question of law, had no discretionary power to grant extensions for filing the reports pursuant to §§ 25 and 41 of the Law of Corporations.

As we shall see later on, it is unnecessary to decide this question. There is no controversy as to the facts. They were stipulated by the parties. According to said stipulation, the appellant corporation did not submit the reports

required by §§ 25 and 41 [1] of the Law of Corporations of Puerto Rico [2] on March 15, 1954. It prayed and obtained from the Secretary of the Treasury extensions of time for submitting said reports, until May 31, 1954. On June 18, 1954, the last extension having already expired, the Corporation filed the reports.

There is no doubt that the appellant did not submit the reports required by law either on March 15, 1954, or within the extension granted to it by the Secretary of the Treasury. Therefore, the question as to whether or not the Secretary of the Treasury had discretion to grant an extension for filing the reports is irrelevant. [3] The fact is that the appellant was granted extensions, with or without legal authority, and this notwithstanding, it did not submit the reports on the date fixed by law or on the date fixed by the Secretary of the Treasury in granting the extensions. Under such circumstances the appellant could not escape the liability imposed by §§ 25 and 41. See *People* v. *Plá Hnos. Dry Cleaning Plant,* 73 P.R.R. 189.

---

[1] Section 25 of the Law of Corporations requires that the domestic corporations file in the office of the Secretary of the Treasury of Puerto Rico annually and not later than March 15, a report containing a general balance sheet showing its financial condition at the close of its operations and another report showing a general balance sheet as appears from the accounting books as of the first day of January preceding.

Section 41 requires these two same reports from foreign corporations.

Both sections provide that in the event that a corporation fails or refuses to render such reports, or to amend the same when required to do so by the pertinent authorities on the ground that the same are incomplete or unsatisfactory, then the case shall be reported to the Attorney General, who shall cause to be commenced an action against such corporation and, in the event of conviction, such corporation shall be subjected to the payment of a fine of five hundred (500) dollars and costs.

[2] "An Act to establish a Law of Private Corporations as amended by Act No. 154 of May 11, 1948 (Sess. Laws 1948, p. 358) and by Act No. 216 of May 4, 1951 (Sess. Laws 1951, p. 606)."

[3] We would have had to face this problem and perhaps others that might affect the criminal liability of the appellant if it had submitted the reports within the extension granted and this notwithstanding it had been found guilty of violating §§ 25 and 41 of the Law of Corporations.

■ In the second assignment appellant alleges that the trial court erred in holding that the Secretary of the Treasury, as a matter of law, did not abuse his discretion in failing to promulgate regulations to cover the situations that might arise in the operation of this law, such as this one.

The assignment lacks merit. At the trial the appellant did not raise any question concerning the alleged duty of the Secretary of the Treasury to promulgate regulations applicable to special situations falling within this province. This would suffice to dismiss the error. Irrespectively of whether the question was timely raised, we fail to see the need of discussing whether it is the duty of the Secretary of the Treasury to promulgate regulations to implement the statute, in view of the situation of facts which we have before us.

■■ In its third and last assignment the appellant alleges that the trial court erred in holding that it was bound to impose a fine of $500 and costs, and this being so, it is deprived of its discretionary power to fix the amount and extent of the punishment.

Section 25, which refers to domestic corporations, and Section 41, which refers to foreign corporations, provide that in the "event that such corporation fails or refuses to render such reports . . . the Treasurer of Puerto Rico . . . shall report the matter to the Attorney General, who shall cause to be commenced an action against such corporation, . . . and, in the event of conviction, such corporation shall be subjected to the payment of a fine of five hundred (500) dollars and costs, . . .". It is certain that the Legislature prescribed a fixed penalty for the offense therein created.

The appellant contends that a statute which deprives a judge of the power to exercise his discretion in imposing the penalty is contrary to the due process of law as it is construed in this jurisdiction. However, it cites no authority to support such doctrine. On the other hand, it is a well-settled rule that in the absence of constitutional limitation the legislature may fix the punishment for crime. 24 C.J.S., par. 1975, p. 1180; 15 Am. Jur., 155, § 507.

Nor do we doubt that the legislature may prescribe fixed punishments or penalties. *Commonwealth* v. *Sweeney*, 127 Atl. 226; *Wilson* v. *State*, 187 S. W. 440; *Com. Ex Rel. Banks* v. *Cain*, 28 A. 2d 897; 15 Am. Jur. 156, § 507. The only provisions made by the Constitution of the Commonwealth of Puerto Rico in this respect is that "nor shall . . . fines be excessive" [4] and that "cruel and unusual punishments shall not be inflicted." [5] The imposition of a fine of $500 on a corporation for failure to submit in time the reports required by § § 25 and 41 of the Law of Corporations is not contrary to the constitutional provisions.[6]

Since none of the errors assigned was committed, the judgment appealed from will be affirmed.

---

[4] Article II, Section 11.

[5] Article II, Section 12.

[6] As to what constitutes "cruel and unusual punishments", see 24 C.J.S., § 1978 (*b*), p. 1187 and 15 Am. Jur. 171, § 523 and as to what is meant by "excessive fines", see 24 C.J.S., p. 1191 and 15 Am. Jur. 185, § 551.